WILLIE LILLIE BROWN, *Plaintiff in Error,* v. THE STATE OF
FLORIDA, *Defendant in Error.*

1. A defendant's witness in a criminal case may be cross-examined
   by the State Attorney in regard to matters about which he has
   been examined in chief, in order to discover whether the witness
   had not made a different statement to other persons in regard
   to such matters.

2. The general rule is that specific objections to testimony not
   made in the trial court are not considered in an appellate court.

3. In order to lay the foundation for the impeachment of a wit-
   ness, by proving that he had made statements to others in
   regard to matters testified to by him different from those
   given by him in his testimony, the time and place of such
   alleged different statements, as well as the person or persons
   to whom made, should be stated to the witness, but the rule
   does not require perfect precision as to either. The predicate
   for such impeaching testimony is sufficiently laid when the time,
   place and person are so stated to the witness that he can not
   be taken by surprise, and ample opportunity is afforded him to
   refresh his memory and make intelligent answers, and to offer
   such explanations as he may desire.

4. Where a judge has charged a jury fully upon the subject of
   reasonable doubt, it is not erroneous for him to refuse an in-
   struction asked for by the defendant in the following words:
   "The defendant is not required by law to prove her innocence
   beyond a reasonable doubt, and if you find that she is probably
   innocent, or if you believe there is a probability of her inno-
   cence, you will find her not guilty," because the last instruction is
   embraced in the charge so given by the judge.

5. Where all the evidence in a criminal case is not contained in
   the bill of exceptions, and that which it does contain does not
   show the relevancy of a requested and refused instruction, this
   court can not say that the judge erred in not giving such re-
   fused instruction.

This case was decided by Division A.

Writ of error to the Circuit Court for Marion county.

The facts in the case are stated in the opinion of the
court.

*Raymond B. Bullock* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

HOCKER, J.—At the Spring term of the Circuit Court of Marion county, Florida, Willie Lillie Brown, the plaintiff in error, was indicted and tried for the murder of one Will Brown, was convicted of manslaughter, and was sentenced to the penitentiary for fifteen years. From the judgment and sentence a writ of error was sued out from this court.

The assignments of error relied on here are: 1st. The court below admitted improper evidence against the plaintiff in error in this, that the witness Jeff Davis was allowed, over the objection of the plaintiff in error, to answer and give testimony in reply to the first question propounded on cross-examination.

2nd. The court below admitted improper evidence against the plaintiff in error in this, that the witness Jeff Davis was allowed to give immaterial evidence in reply to the following question by the State Attorney: "I will ask you to state whether or not since the time Will Brown was killed you stated to Mr. Hutson, near the Commercial Bank, in conversation, that Will Brown had been to you and asked you to loan him a pistol, saying that the defendant here had a pistol, which a white man had given her, and he wanted to protect himself."

3rd. The court below admitted improper evidence against the plaintiff in error in this, that W. E. Hutson was allowed to give evidence and testify to conversations with Jeff Davis.

4th. The court below erred in refusing to charge the jury as requested in and by the fourth instruction asked for by the plaintiff in error.

One Jeff Davis was examined as a witness by the defendant below. He testified as follows: *Q.* Did you know

Will Brown in his lifetime? *A.* Yes. *Q.* Did you see him on the day he is said to have been killed? *A.* I did, sir. *Q.* In the morning or afternoon of that day? *A.* In the morning. *Q.* Did he try to borrow anything from you? *A.* Yes, sir. *Q.* What was it? *A.* A pistol. *Q.* Did he say what he wanted with it? *A.* Yes, sir, he said that the lady he was staying with, Lillie, was tearing up his clothes, and he wanted a pistol to go down there and take them away from her. *Q.* Did you loan him the pistol? *A.* No, sir. *Q.* What did he say he was going to do with the pistol? *A.* Said he was going down to get his clothes, and he wanted to protect himself; said if he did shoot her he never would give away—he would throw the pistol away. *Q.* Where did the conversation take place? *A.* At the market.

The first question on cross-examination was: "Is it not a fact that here on the grounds of the court house to-day you stated to July Brown that this man Will Brown came to you and asked you to loan him your pistol; that this woman had gotten a pistol from a white man and he wanted to protect himself?" This question was objected to on the ground that "it sought to introduce new matter, and could not be for the purpose of the impeachment of the witness." The objection was overruled and an exception noted, and the witness answered "I have not told July Brown any such thing." This is the basis of the first assignment of error. We do not think it can be sustained. The question was not upon matters outside of and beyond the scope of the direct examination, but was directly upon a matter about which the witness had been examined in chief, *viz*: about what was said to him by Will Brown when the latter came to the witness to borrow a pistol. The rule laid down in *Myers v. State,* 43 Fla. 500, 31 South. Rep. 275, and invoked by the plaintiff in error does not apply.

Thereupon the witness Jeff Davis was recalled on behalf of the State and asked the question which is contained in the second assignment of error. The ques-

tion was objected to on the ground that the proper foundation for the impeachment of the witness had not been laid, and that the testimony is immaterial. The objection was overruled and the witness answered that he did not remember anything about a conversation with Mr. Hutson. The attorney for the plaintiff in error does not attempt in his brief to show either that no proper foundation for the impeachment of the witness had been laid, or that the testimony attempted to be elicited was immaterial. His whole contention here is that the State having introduced the witness Davis, was not authorized to contradict or impeach him as he had not proven adverse. This objection was not made in the trial court, and can not be considered here. *Johnston v. State,* 29 Fla. 558, 10 South. Rep. 686; *Wallace v. State,* 41 Fla. 547, 26 South. Rep. 713. This assignment of error is not sustained.

The third asignment alleges that W. E. Hutson was allowed to give improper evidence of conversations with witness Davis. The question propounded to the witness Hutson is as follows: "Will you state whether or not since the killing of Will Brown, near the Commercial Bank, you had a conversation with the witness, Jeff Davis, who has just left the stand, in which Davis stated to you that Will Brown had been to you to borrow a pistol, and that Will Brown had stated to him that defendant here had a pistol that she had gotten from a white man to kill him with, and that he wanted to protect himself, or words to that effect?" Thereupon counsel for defendant objected to the question on the following grounds: "1st. Sufficient foundation has not been laid for the introduction of the testimony.

2nd. It was not directed to the attention of the witness Davis that incorporated in his conversation with Hutson was the statement 'that defendant had a pistol with which she was going to kill him, deceased.'

3rd. No specific time was mentioned in which said conversation was held." The court overruled the objection

and the defendant excepted to the ruling. The witness answered "I have had two or three conversations with Jeff Davis. The last one near the Commercial Bank, in which he told me that Brown came to him at the restaurant to borrow a pistol; that he wanted to go down and get his clothes; that Willie Brown had a pistol she got from a white man, and he wanted a pistol to protect himself with." In the brief of plaintiff in error it is stated that the argument submitted on assignment No. 2 applies to this, and that the State had no right to call Davis as a witness for the purpose of contradicting him. It will be observed that no such objection was made in the trial court. *Johnston v. State,* 29 Fla. 558, 10 South. Rep. 686. *Wallace v. State,* 41 Fla. 547, 26 South. Rep. 713.

It is further insisted in argument that no specific time of the alleged conversation with Hutson was mentioned in the question, and that no proper foundation was laid for the impeachment of Davis.

In 1st Greenleaf on Evidence (16th ed.), section 462, it is said that "the inquiry of the witness to be discredited must specify, it is usually said, the *time,* place and person (addressee) of the supposed inconsistent statement, but the fixing of this specified time is to be deprecated for it leads to innumerable technicalities; in principle and in policy, the inquiry need merely state enough to fairly recall the statement to the witness' mind if he has made it." In the case of *Southern Ry. Co. v. Williams,* 113 Ala. 620, 21 South. Rep. 328, in speaking of the predicate for impeaching evidence the court says: "the predicate is sufficiently laid when the attention of the witness is called to the time, place and circumstances involved, and the statement made; but the rule is not iron-clad; that is it does not require perfect precision as to either. When it is clear that the witness can not be taken by surprise, and ample opportunity is offered to make any explanation desired, the predicate is sufficient to authorize proof of the contradictory statements."

In *Montgomery v. Knox,* 23 Fla. 595, 3 South. Rep. 211, the court says that "under our statute it is error to permit a party to prove that his witness has made statements before, inconsistent with his present statements, unless during his examination the circumstances and the occasion of his former statements have been brought to his attention." In this case (*Montgomery v. Knox*) neither the circumstances nor the occasion of the former statement were suggested to the witness. The language of our statute in regard to inconsistent evidence is: "but before such last mentioned proof can be given, the circumstances of the supposed statement, sufficient to designate the particular occasion, must be mentioned to the witness and he must be asked whether or not he made such statement." Revised Statutes, section 1101. We do not think that the question propounded to Jeff Davis by the State Attorney is so uncertain or indefinite as to the time as to justify a reversal on that ground.

The fourth assignment of error relates to the refusal of the trial judge to give the fourth instruction requested by the plaintiff in error. That instruction is in the following words: "The defendant is not required by law to prove her innocence beyond a reasonable doubt, and if you find that she is probably innocent, or if you believe there is a probability of her innocence you will find her not guilty." This instruction was refused and an exception was taken to this ruling. This instruction has been held to be correct in Alabama and Mississippi (*Bain v. State,* 74 Ala. 38; *Nelms v. State,* 58 Miss. 362), but in neither of these cases does it appear that there was any charge upon reasonable doubt, or other charge fairly embracing the said instruction. In the judge's charge in the case at bar (No. 13) the jury were instructed that "the defendant is presumed to be innocent until she is proven to be guilty beyond a reasonable doubt. She is entitled to every reasonable doubt arising from the evidence, and a reasonable doubt is one conformable to reason, a doubt which a reasonable man would entertain. It

does not mean a mere possible doubt, because everything relating to human affairs and depending upon moral evidence is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the mind of jurors in that condition that they can not say they feel an abiding conviction to a moral certainty of the truth of the charge."

The court also gave the third instruction requested by the defendant as follows: "The court further instructs you that if, after a consideration of all the evidence in this case, you can not say that every material allegation of the indictment has been proven beyond a reasonable doubt, it will be your duty to acquit the defendant."

We think that these charges which were given fairly embrace in their scope the instruction which was refused; for if there was a probability of the innocense of the defendant upon the evidence, there was undoubtedly sufficient ground for a reasonable doubt. The court has held that it is not error to refuse instruction embraced in other charges. *Wooten v. State,* 24 Fla. 335, 5 South. Rep. 39; *Long v. State,* 42 Fla. 509, 28 South. Rep. 775. Moreover, the whole evidence in the case is not contained in the bill of exceptions, and there is nothing here to show that there was evidence in the case which would have justified the instruction. *Kurtz v. State,* 26 Fla. 351, 7 South. Rep. 869; *Bilge v. State,* 20 Fla. 742.

The judgment appealed from is affirmed, and it is so ordered.

There being an affidavit of insolvency of the plaintiff in error in the record, it is ordered that the costs of this appellate proceeding be taxed against the county of Marion. Chapter 4401, laws of 1895.