Louis Kilgore, *Plaintiff in Error*, v. The State of Florida, *Defendant in Error*.

## Opinion Filed April 13, 1915.

1. In order to lay the foundation for the impeachment of a witness, by proving that he had made statements to others in regard to matters testified to by him different from those given by him in his testimony, the time and place of such alleged different statements, as well as the person or persons to whom made, should be stated to the witness, but the rule does not require perfect precision as to either. The predicate for such impeaching testimony is sufficiently laid when the time, place and person are so stated to the witness that he can not be taken by surprise, and ample opportunity is afforded him to refresh his memory and make intelligent answers, and to offer such explanations as he may desire.

2. No error is committed in overruling a motion for a new trial upon the ground that, although all the witnesses in the case had been placed under the rule, a certain witness was permitted to testify in rebuttal who had remained in the court room, after he had been examined in chief, while the defendant was testifying, when it appears that such fact was not called to the attention of the trial judge when such witness was introduced in rebuttal and no objection was interposed to his testifying by reason of such ground.

3. In a prosecution for carnal intercourse with an unmarried female under the age of consent, a juror is not disqualified under the statute by reason of the fact that the brother of the father of such female had married the daughter of the half sister of such juror.

4. The appellate court will not consider an assignment of error that does not appear on the face of the record.

Writ of Error to Criminal Court of Record for Orange County; T. Picton Warlow, Judge.

Judgment affirmed.

*Dickenson & Dickenson,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, J.—Louis Kilgore seeks relief here from a conviction of the crime of having carnal intercourse with an unmarried female, who was at the time of such intercourse under the age of 18 years. The sole error assigned is based upon the overruling of the motion for a new trial which consists of three grounds. It is contended that the court erred in permitting Charlie Amold, a State witness, to testify to a statement made to him by the defendant the next morning after the offense was alleged to have been committed. We find that this witness, who had already testified in behalf of the State, was recalled to the witness stand after the defendant had announced that he rested and had testified that the defendant had a conversation with him the next morning after the defendant and the unmarried female with whom he was charged to have had carnal intercourse had spent the night together at a certain house, as had been previously developed by the testimony. Thereupon the following proceedings took place.

"Q. In that conversation did he tell you that he had had intercourse with that girl that night and had a good time?

Objected to by counsel for defense: I do not think that he asked the witness here that this conversation took place at that place and at that time; I do not think he asked him any particular place or time where he made

that statement, therefore, we object to the witness answering until proper foundation has been laid.

Court: That is true. Objection overruled, exception granted."

The defendant had testified in his own behalf and had denied having had carnal intercourse with such unmarried female. On cross-examination he was asked if he had not stated to Amold the next day that he had such intercourse, to which he had replied at first that he had no recollection of having done so and had finally testified that he had made no such statement to Amold. The objection interposed to the question was properly overruled. See Brown v. State, 46 Fla. 159, 35 South. Rep. 82.

The second ground of the motion is to the effect that Amold was permitted to testify in rebuttal, although the witnesses in the case had been placed under the rule and notwithstanding such fact Amold had remained in the court room while the defendant was testifying.

This ground cannot avail the defendant for the reason that such fact was not called to the attention of the trial court when such witness was introduced in rebuttal and no objection was interposed to his testifying by reason of such ground.

The third ground of the motion is to the effect that one of the jurors was connected by marriage with the family of the unmarried female with whom the defendant was charged to have had carnal intercourse, which fact was unknown either to the defendant or his counsel at the time such juror was accepted and sworn. This ground is without merit. The only connection shown to exist between such juror and the family of such female was that the brother of the father of such female had married the

daughter of the half sister of. the juror. This fact does not disqualify such juror under the statute.

No error was committed in the overruling of the motion for a new trial.

It is attempted to be argued here that the court erred in not issuing notice to the parents of the defendant, who was a minor, prior to the trial, in accordance with the provisions of Chapter 6221 of the laws of Florida, Acts of 1911, page 192. Suffice it to say that no such error is assigned and neither is it sufficiently authenticated to us that no notice was given to the parents of the defendant, even if the failure to give such notice could avail him.

Judgment affirmed.

TAYLOR, C. J., AND COCKRELL, WHITFIELD AND ELLIS, JJ.. concur.