156 So.2d 36 (1963)
John Matthew WEEKS, Appellant,
v.
STATE of Florida, Appellee.
No. 63-416.
District Court of Appeal of Florida. Third District.
July 16, 1963.
*37 John Matthew Weeks, in pro. per.
Richard W. Ervin, Atty. Gen., and Leonard R. Mellon, Asst. Atty. Gen., for appellee.
Before CARROLL, HORTON and TILLMAN PEARSON, JJ.
PER CURIAM.
The appellant Weeks filed in the Criminal Court of Record, Dade County, Florida, a motion under Criminal Procedure Rule # 1, 31 F.S.A., to vacate his judgment of conviction and sentence for the crime of armed robbery. The motion was denied and appellant took this appeal from the order denying his motion to vacate. Subsequent to a denial of the motion, the trial court adjudicated the appellant insolvent.
After the notice of appeal was filed with this court, the appellant requested the appointment of legal counsel to assist him in the preparation and handling of his appeal. The motion was granted and this court temporarily relinquished jurisdiction to the criminal court of record for the purpose of designating the Public Defender of Dade County or other appropriate counsel to represent appellant on this appeal. Cf. Donald v. State, Fla.App. 1963, 154 So.2d 357.
The state has now moved to vacate this court's order relinquishing jurisdiction for the purpose of the appointment of counsel upon the ground that the appeal now pending before this court is to review an order denying a motion which collaterally attacks the judgment of conviction and sentence as contrasted to a direct appeal from the judgment of conviction and sentence rendered in the criminal case. It is the state's position that an indigent's right to appointment of counsel to represent him in an appellate court is confined to the perfecting of a direct appeal from the original judgment of conviction and sentence and not appeals from orders which resulted from proceedings collaterally attacking such judgment. We have been unable to find any authority subsequent to Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, which requires or excuses the appointment of counsel under the circumstances delineated here. It is true, as pointed out by the state, that the United States Supreme Court, in Douglas v. California, supra, made pointed references to the fact that it was not confronted in that case with the denial of counsel for the preparation of "a petition for discretionary or mandatory review beyond the stage in the appellate process at *38 which the claims have once been presented by a lawyer and passed upon by an appellate court." The court further indicated that its opinion dealt only with the "first appeal" granted as a matter of right to all persons.
The state concludes that the language of the Supreme Court of the United States in the Douglas case, supra; and in Gilpin v. United States, 6th Cir., 265 F.2d 203; Tubbs v. United States, 10th Cir., 249 F.2d 37; United States v. Caufield, 7th Cir., 207 F.2d 278; Donovan v. United States, 10th Cir., 205 F.2d 557; Richardson v. United States, 10th Cir., 199 F.2d 333; and Crowe v. United States, 4th Cir., 175 F.2d 799, is authority for the proposition that an indigent, convicted of a crime, has a constitutional right to representation by counsel on direct review of his conviction but not in proceedings that collaterally attack the validity of the conviction and sentence. This is the construction given the requirements of § 2255, Title 28, U.S.C., by the United States courts of appeal before the Gideon,[1] Douglas,[2] Draper,[3] and other decisions recently rendered by the Supreme Court of the United States. Florida Criminal Procedure Rule #1 was modelled after § 2255, Title 28, U.S.C.
We are reluctant to add to an already onerous burden thrust upon the taxpayers of Florida. At the same time, we would be less than discerning if we did not recognize the broad implications in the decisions of the Supreme Court of the United States treating this subject.
Since it has been decided that a failure to provide counsel for an indigent on a direct review of his conviction is a violation of his constitutional rights, we think it reasonable to conclude that it would be no less a violation of those rights to deny him counsel on appellate review of collateral proceedings attacking his conviction on constitutional grounds. We conclude that the motion to vacate should be denied.
It is so ordered.
NOTES
[1] Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.
[2] Douglas v. California, supra.
[3] Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899.