155 So.2d 662 (1963)
James DIAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4126.
District Court of Appeal of Florida. Second District.
July 24, 1963.
James Dias, in pro. per.
Richard W. Ervin, Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Pursuant to Criminal Procedure Rule 1, 31 F.S.A., James Dias filed motion to vacate the judgment of conviction and sentence of two years which had been entered against him by the Criminal Court of Record of Polk County, Florida, prior to publication of the Gideon v. Wainwright case, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. The offense of which he was adjudged guilty was breaking and entering with intent to commit a felony, that of grand larceny; and the basis for his motion to vacate was that his constitutional rights had been violated in that he had not been represented by counsel at the trial. The trial court entered an order denying the motion to vacate and, thereafter, one denying the motion of appellant for rehearing. Dias then filed an affidavit that he was insolvent and was so declared by the court. He ultimately filed an appeal from the order denying the motion to vacate and moved that the trial court appoint an attorney to represent him on the appeal. This the trial court declined to do.
The matter now before this court is a motion filed here by Dias requesting that appeal counsel be provided. Thus, this opinion is restricted to that subject, and *663 we are not presently concerned with the merits of the appeal.
Through the case of Donald v. State of Florida, Fla.App. 1963, 154 So.2d 357, this court ruled that the defendant, Donald, an indigent, was entitled to appointment of counsel for his appeal, pursuant to his request to this court. There, a direct appeal had been entered by the defendant from the judgments and sentences which had been imposed upon him and not, as here, from an order of the court denying motion to vacate under Criminal Procedure Rule 1.
Under date of July 16, 1963, our sister court, the Third District Court of Appeal, filed an opinion in the case of Weeks v. State of Florida, 156 So.2d 36, wherein it granted a motion of the defendant-appellant Weeks similar to the one here considered. The appellate court, in granting the motion, temporarily relinquished jurisdiction to the criminal court of record for the purpose of designating the Public Defender of Dade County or other appropriate counsel to represent appellant on his appeal. The state moved to vacate this order, grounded upon the collateral nature of the review sought by Weeks as distinguished from a direct appeal from judgment of conviction and sentence.
After making reference to recent decisions of the Supreme Court of the United States, citing specifically the cases of Gideon v. Wainwright, supra; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; and Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899, the third district court, then, expressed the view that since it has been decided that a failure to provide counsel for an indigent on direct review of his conviction is a violation of his constitutional rights, it was reasonable to conclude that it would be no less a violation of those rights to deny him counsel on appellate review of collateral proceedings assaulting his conviction on constitutional grounds. Thereupon, the court denied the state's motion to vacate.
Being in accord with the view enunciated by the third district court, we grant the motion lodged here by appellant Dias and relinquish jurisdiction temporarily to the Criminal Court of Record of Polk County for the purpose of appointment of public defender counsel under applicable act or other appropriate counsel to represent the appellant on his appeal.
It is so ordered.
KANNER, Acting C.J., and ALLEN and SHANNON, JJ., concur.