156 So.2d 890 (1963)
Elijah WEBSTER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. E-251.
District Court of Appeal of Florida. First District.
October 17, 1963.
*891 Elijah Webster, Jr., in pro. per.
Richard W. Ervin, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
STURGIS, Chief Judge.
The appellant, appearing pro se, appeals from an order of the Circuit Court of Escambia County, Florida, denying his motion under Criminal Procedure Rule No. 1 to vacate judgments of conviction and sentences imposed in two independent prosecutions for the crime of rape. In one of such prosecutions, identified as No. 43645, the judgment was entered and sentence imposed pursuant to trial by jury and verdict of guilty, with recommendation for mercy. In the other prosecution, identified as No. 43644, appellant entered a plea of guilty and upon being adjudged guilty as charged, the state attorney recommended mercy. Sentence to imprisonment in the state prison for life was imposed in each case.
Appellant was adjudged insolvent and was represented at the trials in the lower court by court-appointed counsel. He was permitted to file this appeal without being required to pay the usual filing fee and was furnished all court records demanded by him incident to this appeal. It does not appear, however, that he has made any effort to be provided with counsel for any purpose connected with said motion to vacate the judgments of conviction or on this appeal. He acted pro se in these proceedings.
On March 24, 1963, appellant initiated a collateral attack upon said judgments and sentences by filing in the trial court a pleading designated "Motion for Writ of Habeas Corpus," in exact form as follows:
"I
"Motion for writ of habeas corpus and to vacate, set aside sentence, judgment and conviction upon the grounds they are void (ab inito) and in (toto) as is authorized under Rule No. (1), of the Florida Rules of Criminal Procedure [31 F.S.A.] (opinion filed in the Supreme Court of Florida on April 1, 1963 A.D. and under the Florida Statue sec. 902.01, 909.21, 901.06, 921.24 [F.S.A.] and under the 7th, 6th and 14th Amendments of the Constitution of the United States, and under Article (16-sec. 30) of the Florida constitution
"To the Honorable Clerk of the First Judicial Circuit Court, in and for Escambia, County Florida.
"II
"Come now the movant Elijah Webster Jr. in proper person and respectfully moves the court as follow:
"On or about March 17, 1961, A.D. movant was tried and convicted by a twelve man, all (white) jury, in the First Judicial Circuit Court, in Escambia, County Florida, on a bill of information charging him with the crimes of rape upon two difference negro women.
"At the time of (preliminary examination) movant appeared in court without legal counsel, or legal aide, and requested the court to appoint counsel to present legal arguement, and to defend him. Movant was financially unable to obtain counsel in his own behalf, the court refused to appoint counsel for the movant. As required in all capitial offenses. (Sec. 909.21 Fla.Statue.)

*892 "Thereafter movant conducted his own defense in (preliminary examination), which is open court to the best of his knowledge, and was bond over to the First Judicial Circuit Court, wherein he was then arraigned and appointed counsel for his defense, who conspiciously and deliberatly misrepresent him, and was convicted by the jury for the said offense, and also enter a plea of guilty, after being advised to do so by appointed counsel. The court imposed a term of natural life in the state prison upon both charges.
"III
"Basic of Motion
"This motion is based upon the remedial provisions of the recent Rule 1, adapted by the Supreme Court of Florida as afore captioned.
"And under the Constitution of the United States, (Amends- 6th, 7th, and 14th, and the Constitution of Florida, (Statues 909.21) 920.05, 921.24, 932.37, 932.36, and 901.06. And the (Act of Unnecessary Delay. (Sec. 916.01).
"Under these new Rules of Criminal Procedure the court of original jurisdiction is the proper court to initiate proceedings which attack the constitutionally of any conviction heretofore had in said court of original jurisdiction.
"Movant bases his motion upon the recent decision of the United States Supreme Court in the case of Clarance E. Gideon-vs-Louie L. Wainwright, Director of Division of Correction State of Florida [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799], (Misc.Doc. #155 October Term 1962, A.D. and upon the Florida Statue 1961, A.D.
"IV
"The substance of the United States Supreme Court ruling in the Gideon's case (supra) was to the effect that where a person accused of crimes (especially a felony) appear in court without an attorney and makes known to the trial court that he is indigent and financially unable to employ counsel, that the trial court must appoint counsel to represent the accused. In instant case movant made known to the trial court his poverty, lack of funds, or ways and means with which he could employ counsel, and (requested the court to appoint counsel) which is mandatory in all capitial cases.
"Movant requested counsel and his request was arbitrarily and capriciously denied in total, disregards of movant's constitutional rights to counsel. And is more fully dealt with in the Gideon's case (supra) Movant also made known to the court of the conspiracy of the arresting officier. The he was abducted by the said arresting officier, and also kidnapped, and held to answer to threats, and violence which caused him to sign a confession which prejuiced him in court.
"Movant was filled with spiritual terror, and in fear for his life when this confession was signed.
"Movant also charges that the said arresting committed fraud, perjury, and violence, threats, which caused movant to commit an abnormal act against himself.
"Movant also charges the aforesaid court with omission in movant's behalf, and in justic.
"Jurisdictional statement
"Puruant to the Constitution of the United States, and the Constitution of Florida, and the newly adapted Rule of Criminal Procedure in the state of Florida, this court has jurisdiction to entertain this meritorious cause of action under the afore said rules.

*893 "Motion Now Made
"Movant has shown by an abundance amount of proof (de hors) the records that he has shown proves he has been denied due process of law (e; e) deprived of rights secured him under the 6th, 7th and 14th Amendment of the Constitution of the United States those rights being the right to a fair trial and the right to legal counsel.
"Wherefore movant prays legal and lawful recognition of his constitutional rights to redress to the extent that the illegal and unlawful term of imprisonment heretofore imposed in this court on the 17th day of March, 1961, A.D. be vacated and set aside and held to be of no legal force or effect, further that the judgment of conviction, entered therein; also be explunged from the records; further that movant be ordered discharged from his illegal term of imprisonment."
The trial court treated the above as a motion under Criminal Procedure Rule No. 1  as indeed it is  to vacate said judgments and sentences, did not require the production of the appellant at the hearing on the motion, and on May 24, 1963, entered the following order denying same:
"This cause is before the Court upon the motion of Elijah Webster, Jr. to vacate the judgments and sentences imposed against him in the above entitled prosecutions on March 16, 1961.
"In disposing of this motion, the Court will take judicial knowledge of the Court's records relating to said trial procedure.
"The defendant, a member of the colored race, was indicted by the Grand Jury of Escambia County, Florida, on February 7, 1961. The indictment, No. 43489, charged in two counts the defendant with the crime of rape of two different females, each of whom are also members of the colored race. On February 13, 1961, the defendant was adjudged to be insolvent and, at his request, Charles Wilson, also a member of the colored race, was appointed as counsel for the defendant. Charles Wilson was and is a member of the Bar of the First Judicial Circuit, experienced in the trial of criminal cases.
"On February 16, 1961, the defendant, through his counsel, filed a motion to quash the indictment. The motion was argued on February 17, 1961, and an order was entered granting said motion to quash.
"Thereafter, on March 6, 1961, the Grand Jury of said county returned against the defendant indictments numbered 43644 and 43645, each charging the defendant with the crime of rape upon the females named in the original indictment. On March 7, 1961, the defendant with his counsel appeared in Court and announced ready for arraignment, and upon arraignment, a plea of not guilty as to each indictment was entered by the defendant.
"By agreement of the State Attorney and defendant's counsel trial date for the defendant on the charge contained in indictment No. 43645 was set for March 14, 1961. On said date the State and the defendant announced ready for trial, and a jury of twelve citizens were selected, accepted by the State and the defendant, and were duly sworn to try the issue.
"The Court takes note of defendant's allegations that he was tried by an all white jury. This Court takes judicial knowledge of the fact that for the past fifteen years the Jury Commission of Escambia County, Florida, has included the names of qualified negro citizens of said county in jury lists prepared by it, and that from time to time such negro citizens have served both as Grand and Petit Jurors in the Circuit Court of said county.

*894 "During the progress of the trial the defendant's counsel challenged the admissibility of defendant's alleged confession. All questions relating to the validity thereof were thoroughly explored and presented to the jury for determination under appropriate instructions.
"The trial resulted in a jury verdict finding the defendant guilty of the crime of rape, with a recommendation of mercy. At request of defendant's counsel the jury was polled, and each juror affirmed the verdict as his verdict.
"Thereupon the defendant was adjudged to be guilty of the crime of rape as charged in the indictment, and on March 16, 1961, was sentenced to be confined in the State Prison of Florida for the full term and period of his natural life.
"Thereafter, on March 16, 1961, the defendant and his counsel, Charles Wilson, announced in open court that the defendant desired to withdraw his plea of not guilty and to enter a plea of guilty to the crime of rape as charged in indictment No. 43644. The defendant affirmed that his counsel had fully advised him of the possible consequences of such plea and that it was his desire to enter a plea of guilty as charged. Thereupon the defendant upon arraignment entered a plea of guilty as charged in indictment No. 43644. The State Attorney recommended the defendant for mercy. The defendant was adjudged to be guilty as charged in said indictment and was sentenced to be confined in the State Prison of Florida for the full term and period of his natural life.
"It therefore appears from the records of this Court that the defendant was represented in these prosecutions by counsel and that he was duly tried in accord with all applicable law. It is, therefore,
"ORDERED, ADJUDGED and DECREED that the motion of Elijah Webster, Jr. to vacate the judgments and sentences imposed against him in the above cases be and the same is hereby denied."
On June 12, 1963, appellant filed notice of appeal from said order and incorporated therein directions to the clerk of the trial court to prepare and transmit to the clerk of this court "all the records and proceedings in this cause" including the following:
"(A.) A copy of all testomony of my preliminary exmination [sic].
"(B.) A copy of the jurys [sic] list, both petit and grand jury."
Apparently treating the above direction "A" as having reference to the testimony adduced on the trial in prosecution No. 43645, the trial judge entered an order instructing the court reporter to make up a transcript of that testimony and of the charges to the jury in that case, and instructing the clerk of the trial court to otherwise comply with said directions of the appellant. The record on appeal was made accordingly.
We pause here to note that since the motion to vacate constitutes a collateral attack upon the judgments of conviction, the purpose of providing appellant with a transcript of the testimony and charges in the case tried by jury is not clear. While it reflects the fact that appellant was represented by counsel on that trial, his motion to vacate the judgments does not dispute that premise of the order appealed which so recites. Assuming a preliminary hearing was held before the committing magistrate, as the motion to vacate indicates, it is well settled in this state that such proceedings do not constitute an essential step in due process of law. See Baugus v. State, 141 So.2d 264 (Fla. 1962); Di Bona v. State, 121 So.2d 192 (Fla. 1960). In Di Bona it is held that where a preliminary hearing is held and the defendant is discharged by the committing *895 magistrate for lack of probable cause, an information may nevertheless be filed and the defendant prosecuted for the alleged crime that was inquired into by the magistrate. As a necessary corollary to that rule, such hearing and disposition will not preclude a subsequent indictment of the defendant by a grand jury for the same alleged crime.
The motion to vacate is based on the premise, inter alia, that appellant was denied counsel to represent him at a "preliminary hearing." Aside from the rule stated in the foregoing paragraph, it is not made to appear that anything occurred at the "preliminary hearing"  assuming one was in fact held  that remotely prejudiced the subsequent proceedings under the indictments returned by the grand jury. Moreover, the motion is so vague and indefinite as not to clearly indicate what the movant has in mind by the reference to "preliminary examination." If he has reference to some occasion when prior to indictment he was presented before a committing magistrate and bound over to await the action of the grand jury, there is a complete absence of any showing of prejudicial harm resulting from lack of counsel at that time. There is no merit to the contention that appellant was denied counsel at a "preliminary hearing" or "preliminary examination," as the case may be.
The motion to vacate asserts that appellant's court-appointed counsel "conspiciously and deliberatly misrepresent him" (sic). This random accusation is not supported by any competent allegation of fact. It is a bald conclusion of the pleader and must be rejected in the face of the unchallenged fact, as recited in the order appealed and indicated by the record on appeal, that counsel appointed by the court to represent appellant is an attorney experienced in the trial of criminal cases; that he is, indeed, the person whom the appellant asked the court to appoint. It affirmatively appears from the record that said counsel was successful in having the court quash the indictments first returned against appellant in the premises, with the result that new indictments (Nos. 43644 and 43645) were returned by the grand jury, resulting in the judgments of conviction. The transcript of the trial proceedings in case No. 43645 demonstrates that said attorney vigorously, faithfully and efficiently performed his duty to appellant. The spurious, unsupported and unwarranted attack upon said attorney's personal and professional integrity is rejected as being inadequate in fact and in law and, under the circumstances reflected by the record, unbecoming the pleader.
The motion to vacate, without supporting facts, further asserts that appellant was abducted (by some unnamed arresting officer) and was kidnapped (by him) "and held to answer to threats and violence which caused him [appellant] to sign a confession"; that appellant was "filled with spiritual terror, and in fear for his life when this confession was signed," and that the arresting officer committed acts which caused the movant to commit an "abnormal act against himself," the nature not being stated. These conclusions of the pleader do not state a recognizable ground for relief.
Although not an issue on this appeal, we have given careful consideration to the fact that the appellant was not represented by counsel in any of the proceedings subsequent to the judgments of conviction and imposition of sentences; indeed, he made no request for counsel to be appointed in the premises. We were concerned with the question of whether the fact of appellant's insolvency, as clearly appears from the record, imposed a duty on the trial court to appoint counsel on behalf of appellant as an incident to the hearing on the motion to vacate, and whether a similar duty devolves on this court with respect to the appeal proceedings. We are not unmindful of the decisions of our sister courts in Weeks v. *896 State, 156 So.2d 36 (Fla.App. 1963), and Dias v. State, 155 So.2d 662 (Fla.App. 1963), holding that an insolvent appellant is entitled to be furnished counsel on an appeal from an order denying his motion to vacate under Criminal Procedure Rule No. 1, and it is the policy of this court when so requested to take steps by which to provide counsel for the appellant in such appeals.
We find nothing in Criminal Procedure Rule No. 1 or in the federal act from which it is adapted (28 U.S.C.A. § 2255), or in the decisions construing the rule and act, indicating that an insolvent movant is entitled to be furnished counsel at public expense for the purpose of having such counsel prepare the motion to vacate or appear on behalf of movant at the hearing on such motion; and our research fails to reveal any requirement that the trial or appellate court is compelled sua sponte to appoint counsel for an insolvent movant who appeals from an order denying such motion. Where, as in the instant case, the appellant prosecutes his appeal pro se and the record clearly indicates that he is aware of his right as an indigent to apply to the court for the appointment of counsel to represent him in transactions involving his constitutional rights, privileges and immunities, the presumption abides that he has waived the right to insist on such representation.
The motion to vacate in this case is quite similar to the motion disposed of by the Florida Supreme Court in Roy v. Wainwright, Fla., 151 So.2d 825 (1963), in which Mr. Justice Thornal speaking for the court carefully reviewed the origin of Criminal Procedure Rule No. 1 and cited authorities construing the federal statute, supra, from which it was adapted. The cases and texts there cited, together with the case of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1962), provide a competent guideline for those who seek relief under our Criminal Procedure Rule No. 1. Familiarity with the same would not only assist the pleader in preparing a competent motion under the rule, but should also serve to dispel the all-too-prevalent notion that a simple citation of the decision of the United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), constitutes an Open Sesame by which the prison gates may be forthwith unlocked.
Finding no error in the order appealed, the same is hereby
Affirmed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.