PER CURIAM.
The Supreme Court of Florida by its opinion and judgment filed March 4, 1964, 166 So.2d 892, quashed the opinion and judgment of this court entered on July 16, 1963, 156 So.2d 36, and in so doing, said:
“[hjowever, upon remand the District Court may review its own actions in the light of what we have said and determine whether under the circumstances the respondent should have the assistance of counsel in the case at bar.”
This is an appeal from an order denying 'the appellant relief under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix. After receipt by this court of the mandate of the Supreme Court of Florida on September 15, 1964, a transcript of the proceedings in the trial court was transmitted to this court.
The appellant was tried and convicted on two separate informations for the crime of robbery, and on April 30, 1962, was sentenced to twenty years on each charge, the sentences to run concurrently. On November 7, 1962, the appellant, while incarcerated in the state penitentiary, filed a motion to withdraw his plea of guilty and to enter a plea of not guilty. The basis for the mo-' tion to withdraw the plea of guilty in substance was that although appellant was represented by counsel and pleaded guilty to the offenses, he nevertheless did so reluctantly “and against his better judgment” because he believed that if he entered a plea of guilty, he would be returned to the State of California as a parole violator. It was further charged that he had been “absolutely assured by his attorney of record that if he pleaded guilty that the sole and only penalty that would be imposed * * * would be a return to the State of California as a parole violator.” The trial court denied the motion, concluding that it had lost jurisdiction of the cause.
After a denial of his motion to withdraw his plea of guilty and to substitute a plea of not guilty, the appellant on April 25, 1963, filed a petition for relief under Criminal Procedure Rule 1 in which he urged that he was entitled to relief because “ * * * on the 30th day of April, A.D., 1962, nor at any time prior thereto was the defendant represented by counsel in the above case * * *.” He contended that the attorney whose name appeared in the record of the transcript of proceedings did not represent him; that the record was in error; and that the attorney would so testify. After a hearing on the petition the trial court found: “ * * * and after having heard the testimony of attorney Robert Tardif and being fully advised that at the time said defendant entered his plea of guilty he was represented by counsel * * * ” and thereupon denied the petition. An appeal was taken to this court in which the appellant stated “that this appeal is based solely upon the fact that the appellant was not represented by counsel * * * was insolvent and had no means in which to retain counsel and in consequence was denied his constitutional rights.”
As was heretofore indicated and in compliance with the suggestion of the Supreme Court of Florida in its opinion filed March 4, 1964, supra, this court has thoroughly reviewed the transcript of record from the trial court, including the actions of the *589 trial judge in denying the petition for relief under Criminal Procedure Rule 1, and find and conclude from said record that there is no necessity shown under the circumstances for the appointment of counsel for the appellant in this case. A further, review of the transcript from arraignment through the sentencing of the appellant shows that he was represented by counsel at every step of the proceedings. His claimed lack of counsel is contradicted by his own statements and the record in this cause. The transcript of proceedings in the trial court conclusively shows that the appellant is entitled to no relief and that his claimed denial of counsel is frivolous and without substantial merit.
Accordingly, this court ex mero motu concludes that this is a frivolous appeal and the same should be and is hereby quashed.
It is so ordered.