JOHNSON, Judge.
The order of the circuit court denying appellant’s petition for writ of habeas corpus should be affirmed.
Criminal Procedure Rule 1 (Chapter 924, Appendix F.S.A.) provides that a habeas corpus petition is not appropriate if the petitioner has failed to exhaust his remedies under Rule 1 or if relief has been denied him under Rule 1, unless, however, his remedy under Rule 1 is inadequate or ineffective for purposes of testing the legality of his detention.
Weeks has previously proceeded under Rule 1 insofar as attacking the adequacy of his counsel. The Third District Court of Appeal in Weeks v. State, 168 So.2d 587 (1964) quashed an appeal taken by Weeks subsequent to a denial of his Rule 1 motion by the Criminal Court of Record in Dade County. It was determined that his allegation concerning lack of counsel was frivolous and without merit. Thus, Weeks has no right now to attack the question of his representation by counsel in this habeas corpus proceeding. In addition to the Rule 1 motion to the Criminal Court of Record *747 in Dade County, Weeks applied to the United States District Court (Middle District) for a writ of habeas corpus. It appears that Weeks presented several grounds to that court, but since the only ground previously raised in a Florida court was that concerning lack of representation of counsel, the Federal Court denied the habeas corpus petition solely on that ground, after concluding that Weeks did have able counsel at his trial. In the order of the Federal court dated May 25, 1965, Judge McRae notes that the Florida Supreme Court had denied Weeks habeas corpus relief on December 21, 1964 (Weeks v. State, 171 So.2d 394). Weeks admits in his brief that his “Certificate of Probable Cause” was dismissed by the United States Fifth Circuit Court of Appeals on July 9, 1965.
Insofar as the allegation regarding counsel, this point is now res judicata as this was the subject of the habeas corpus petition before the Florida Supreme Court in 171 So.2d 394. Too, the question of adequacy of counsel has been adversely decided against Weeks in a Rule 1 proceeding (168 So.2d 587) and can not now be raised in a habeas corpus petition since there is no showing that the remedy under Rule 1 was inadequate or ineffective. Chapter 924 Appendix, F.S.A.
Other “shot-gun” issues raised by Weeks are without merit. The appellant has attempted appellate review in several courts and several proceedings. He brought a Criminal Rule 1 proceeding in Dade County in which relief was denied. He appealed to the Third District Court of Appeal of Florida, and was denied relief. He then went to the Florida Supreme Court on ha-beas corpus, which denied relief. 'Then he went into the United States District Court with habeas corpus, which was denied; then to United States District Court of Appeals at New Orleans, which dismissed his appeal there. Having run this gauntlet, he starts over in a new circuit court (state) with habeas corpus. This court, the circuit court of Bradford County, denied the petition, hence this appeal to this court. , I
Florida Criminal Procedure Rule 1, inter alia, contains a provision that the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. Also, it further provides that an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this Rule, shall not be entertained if it appears that the applicant has failed to apply for relief to the sentencing court, or that such court has denied him relief, unless it also appears that such remedy is inadequate or ineffective to test the legality of the prisoner’s detention.
In Piehl v. State, Fla.App., 173 So.2d 723, this court stated by way of dictum that a subsequent motion for post conviction relief on grounds substantially different from those stated in a previous motion for post conviction relief, would not be a “second or successive motion for similar relief on behalf of the same prisoner.” This statement of the law must be strictly adhered to or the whole purpose of this provision of the rule would be destroyed and the courts harassed with a deluge of “one ground” motions, saving the new or different grounds for successive motions. In this case at bar, we do not find any dissimilar grounds raised, either in the motions or petitions for ha-beas corpus. We do not approve of a “piece-meal” approach to post conviction relief. We do not find that the appellant’s remedy, which he tried before in his Rulé 1 proceeding in Dade County, inadequate or ineffective to test the legality of his detention. Therefore the order appealed is
Affirmed.
WIGGTNTON, Acting C. J., and STUR-GIS, J., concur.