PER CURIAM.
On appeal by the defendant from conviction for second degree murder reversal is sought on a claim of insufficiency of the evidence and a contention that the admission of testimony as to a prior inconsistent statement of a witness was error for the claimed reason that no predicate was laid therefor. On consideration thereof we find no error, and affirm.
The conviction and judgment were supported by competent substantial evidence. The killing occurred outside of a building, in the night time. A witness related that the two men were seen by her together, partially obscured by a stairway and by the poor lighting; that they were heard in altercation over a debt owed by the defendant to the victim; that a gunshot was fired and the men ran off in different directions, and that the victim did not proceed far and subsequently fell to the ground. It appears he remained there until he expired, having been shot in the back.
 The witness involved in the question relating to prior inconsistent statement was not present at the killing and knew nothing about the circumstances thereof. His testimony was to the effect that he had been with the victim early in the evening, where he was drinking and the victim was gambling, until fifteen minutes before the shooting occurred; that he next saw the victim when he was on the ground, after having been shot; that after the shooting, when he observed people running to the scene he did likewise, stopping, however, to telephone for an ambulance. On *11 cross-examination at trial that witness was asked if he had not been taken to the police station for questioning, to which he assented. He was asked if he recalled having been questioned there by police, to which he answered affirmatively. He then was asked, and denied, if he had there stated that he had not seen or been with the victim earlier prior to the shooting. In our view that was substantial if not full compliance with the requirements of § 90.-10 Fla.Stat., F.S.A. requiring, as a predicate for impeachment by prior inconsistent statement, that the witness be informed of “the circumstances of the supposed statement sufficient to designate the particular occasion,” and “be asked whether or not he made such statements.” Moreover, the testimony of the witness in question was immaterial, in the sense that it had no bearing on the circumstances of the shooting or the issue of guilt of the accused. Therefore, if it should be considered that the prior inconsistent statement evidence was allowed without adequate predicate, the error would have been harmless in the circumstances of this case.
Affirmed.