PER CURIAM.
Charles Bright, Jr. appeals from the denial of his motion for an evidentiary hearing under Rule 3,850, CrPR, 33 L.S.A.
The public defender filed a motion to withdraw from this appeal. We withheld ruling on the motion; advised appellant and allowed him 30 days to file a statement of points. He filed instead a petition for writ of habeas corpus which we elect to treat as a statement of points in his pending appeal.
In this appeal, appellant attempts to argue points raised in the original appeal from his judgment and conviction. Bright v. State, Fla.App.1971, 250 So.2d 10.
We will not consider those points which were raised and decided in the original appeal. Carter v. State, Fla.App.1970, 242 So.2d 737 and Mears v. State, Fla.App.1967, 203 So.2d 212.
Appellant’s allegation that his conviction was based on perjured testimony is insufficient and fails because of the failure to allege that the state knowingly used perjured testimony. See Bogan v. State, Fla.App.1968, 211 So.2d 74 and Conyers v. State, Fla.App.1968, 215 So.2d 616.
The alleged inconsistent testimony of a witness is also insufficient for reversal unless the testimony is such as to be unworthy of belief. Rowe v. State, Fla.1924, 87 Fla. 17, 98 So. 613. Such was not the case here.
Appellant’s bald assertion of incompetency of counsel is rejected. See Holmes v. State, Fla.App.1970, 239 So.2d 876 and Humphries v. State, Fla.App.1970, 232 So.2d 23.
*613 When it patently appears from a reading of appellant’s motion that it is entirely deficient because no grounds for relief under Rule 3.850 CrPR are stated, the appellant is not entitled to a hearing on his motion and the trial court is eminently correct in denying the motion without a hearing. Jones v. State, Fla.App.1970, 234 So.2d 379. Appellant has not stated any legally sufficient grounds in this motion and error was not committed in denying an evi-dentiary hearing. See State v. Weeks, Fla.1964, 166 So.2d 892, on remand 168 So.2d 587; Henderson v. State, Fla.App.1965, 174 So.2d 73; Harper v. State, Fla.App.1964, 168 So.2d 325; and Simpson v. State, Fla.App.1964, 164 So.2d 224.
The public defender’s motion to withdraw is granted and the final order herein appealed is
Affirmed.