PER CURIAM.
This court, proceeding in the manner outlined in Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493, deferred ruling on a motion of the public defender to withdraw as counsel for the indigent appellant (defendant). Appellant was furnished with a copy of the public defender’s memorandum brief and he filed his response thereto. He first challenges the sufficiency of the brief filed by the public defender. Admittedly, it is not a model brief. We have, nevertheless, examined the pleadings, the record, brief, and response and have determined that this Rule 3.850 CrPR, 33 F.S.A., petition is for relief from a conviction on May 11, 1964, for first degree murder.
The appellant was represented by private counsel and pled not guilty. He was later declared insolvent and the court appointed counsel to represent him. Thereafter, he changed his plea from not guilty to guilty. His allegations of a coerced plea of guilty is without merit. Hamilton v. State, Fla.App. *489 1966, 186 So.2d 316; and McGary v. Wainwright, 375 F.2d 118 (5th Cir.1967).
His claim that he was denied effective assistance of counsel is without merit also. See Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1966); and Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).
We hold that appellant was not entitled to an evidentiary hearing on his Rule 3.850 CrPR motion. Bright v. State, Fla.App.1972, 257 So.2d 612, 3 D.C.A., opinion filed February 8, 1972; Jones v. State, Fla.App.1970, 234 So.2d 379; and Plymale v. State, Fla.App.1967, 201 So.2d 85.
We conclude that the appeal demonstrates no reversible error and that it is without merit. The public defender’s motion to withdraw is granted and the order herein appealed is
Affirmed.