MANN, Chief Judge.
Jones was one of three men in a parking lot in Ybor City early one evening. He is *399 said to be the one who had his hands in the pockets of a second man lying on the ground. A third man was standing near Jones. Two detectives rounded the block and pulled into the parking lot. The man who had been lying down was gone. The third man was never apprehended, or pursued, either, for that matter. Jones was apprehended, say the detectives, and raised his shirt to reveal a pistol, which the detective nearest him knocked to the ground. The detectives admit that Jones continually protested that it wasn’t his gun, and the crucial question at the trial was whether the gun was in Jones’ hand or on the ground at the time they approached him. Defense counsel sought to impeach the testimony of the detective by referring to a report filed in connection with the case. The trial judge refused to allow the testimony, and told the defendant’s lawyer that he could introduce the report after the State had rested its case.
This was error. The lawyer adequately, if not perfectly, followed the statute which prescribes the predicate for impeachment testimony.[1] The decisions of our Supreme Court plainly allow introduction, after this predicate, of inconsistent statements by way of impeachment.[2] The record is not as complete as we would like, because of the prosecutor’s objections before the nature of the allegedly inconsistent statement was established. Nevertheless, the crucial nature of the question whether the gun was left on the ground by another or was in Jones’ hand requires a new trial.
Reversed and remanded.
HOBSON and BOARDMAN, JJ., concur.

. Fla.Stat. 90.10, F.S.A. (1971) : If a witness, upon cross examination as to a former statement made by him relative to the subject matter of the cause and inconsistent with his present testimony, does not distinctly admit that he has made such statement, proof may be given that he did in fact make it; but before such proof can be given, the circumstances of the supposed statement, sufficient to designate the particular occasion, must be mentioned to witness and he must be asked whether or not he made such statements.

. Smith v. State, Fla.1957, 95 So.2d 525; Lindberg v. State, 1938, 134 Fla. 786, 184 So. 662; Kilgore v. State, 1915, 69 Fla. 397, 68 So. 378; Brown v. State, 1903, 46 Fla. 159, 35 So. 82; Bright v. State, Fla.App.3d 1972, 250 So.2d 10; Urga v. State, Fla.App.2d 1958, 104 So.2d 43.