166 So.2d 892 (1964)
STATE of Florida, Petitioner,
v.
John Matthew WEEKS, Respondent.
No. 32875.
Supreme Court of Florida.
March 4, 1964.
Opinion Clarified on Denial of Rehearing September 9, 1964.
*893 James W. Kynes, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for petitioner.
John Matthew Weeks, in pro. per.
*894 THORNAL, Justice.
We have for review a decision of the District Court of Appeal, Third District, regarding the respondent's entitlement to the assistance of counsel on appeal.
We must decide whether an indigent prisoner is entitled to the assistance of counsel as a matter of right upon an appeal from an adverse ruling in a collateral assault on his conviction and sentence.
The decision under review is Weeks v. State, Fla.App., 156 So.2d 36. The state has appealed and simultaneously petitioned for certiorari. The District Court has sua sponte certified its decision to us as one which "passes upon a question * * * of great public interest." We take jurisdiction of the petition for certiorari with the accompanying certificate of the District Court. Article V, Section 4(b), Constitution of Florida, F.S.A. Susco Car Rental System of Fla. v. Leonard, Fla. 112 So.2d 832. Our disposition of the cause makes it unnecessary to consider the appeal.
Weeks moved in the trial court under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, to obtain collateral relief against his conviction and sentence for the crime of armed robbery. He was adjudicated insolvent. The trial judge denied the collateral relief sought. Weeks appealed the adverse ruling to the District Court. He requested the appointment of counsel to assist him in the appeal. By the decision under review the District Court held that Weeks had an absolute organic right to the assistance of counsel in his appeal. The state now seeks a reversal of that decision.
It should be noted with emphasis at the outset, that this was not a direct appellate assault upon the judgment of conviction. If it were, Weeks would have an organic right to the aid of counsel. Douglas et al. v. People of the State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Donald v. State of Florida, Fla.App., 154 So.2d 357. In these cases a direct appeal was regarded as a critical step in a criminal prosecution. In such situations an indigent appellant is entitled to the assistance of counsel by virtue of the provisions of the Sixth and Fourteenth Amendments, United States Constitution. A similar process of constitutional interpretation was applied to the right of an accused felon to have the assistance of counsel at the trial level. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. The District Court in the instant matter was confronted with an appeal to review an adverse ruling in a proceeding entirely collateral to the original trial and conviction.
To meet the impact of Gideon this Court on April 1, 1963, promulgated its Criminal Procedure Rule 1. The rule was formulated as an effective, expeditious, post-conviction remedy to accomplish collateral assaults on judgments of conviction. Rule 1 is simply a Florida adaptation of Title 28, Section 2255, U.S.C.A. It provides a remedy co-equal with, but actually more expeditious than post-conviction habeas corpus. Roy v. Wainwright, Fla., 151 So.2d 825; Gideon v. Wainwright, Fla., 153 So.2d 299. Florida had anticipated the Gideon development and moved with dispatch to adapt its procedural facilities to the indicated increased demands for post-conviction relief against previously entered felony judgments. Roy v. Wainwright, supra. It is to the credit of the judges of Florida that they have forthrightly and realistically proceeded to meet their judicial responsibilities in the face of the demands which did materialize.
Returning, with more specific relevancy, to the issue at hand, we find that all three Florida District Courts of Appeal have held that an indigent is entitled, as a matter of right, to the assistance of counsel in obstaining a review of an adverse order entered under Rule 1, supra. They have reached this conclusion with some admitted reluctance. Weeks v. State, supra; Mullins v. State, Fla.App., 157 So.2d 701; Dias v. State, Fla.App., 155 So.2d 662; King v. State, Fla.App., 157 So.2d 440; Keur v. State, Fla.App., 160 So.2d 546. Similarly, *895 it has been held that an indigent is entitled to the assistance of counsel as a matter of right on a Rule 1 motion in the trial courts. Turner v. State, Fla.App., 161 So.2d 11; Hall v. State, Fla.App., 160 So.2d 527.
Understandably, the District Courts have rendered these decisions without the benefit of guideline precedents from this Court. They have done so by drawing an analogy to the right to counsel in original criminal proceedings under the rules of Gideon and Douglas, supra. Weeks v. State, supra, now under review, is typical. The fact remains, however, that there has been a failure to differentiate the organic entitlement to counsel in direct criminal prosecutions from the claimed right of assistance in collateral proceedings.
In administering relief in post-conviction habeas corpus, as well as under Title 28, Section 2255, supra, the federal courts have consistently drawn a distinction between the original criminal proceeding and the post-conviction collateral remedy. The Supreme Court of the United States held in Gideon that the right to counsel in the original proceeding derives from the absolute guaranty of the Sixth Amendment, United States Constitution "to have the assistance of counsel" in all criminal prosecutions. The federal courts have held that post-conviction habeas corpus and proceedings under Section 2255, supra, are not steps in a criminal prosecution. On the contrary, they are in the nature of independent, collateral civil actions which are not clothed with the aspects of a "criminal prosecution" under the Sixth Amendment. In view of the admitted similarity between our Rule 1 and Section 2255, we feel justified in applying the federal precedents to the situation at hand. This is so even though our Rule is designated for convenience as Criminal Procedure Rule # 1. The designation was adopted to alert interested parties to its availability as a new procedural method for post-conviction relief. While it provides a process for assaulting a criminal judgment it is no more a step in a criminal prosecution than is post-conviction habeas corpus or a Section 2255 motion. The Florida rule provides for an independent, civil, collateral attack on a criminal court judgment. Its federal statutory ancestor, Section 2255, supra, has been construed to have the same effect.
Anderson v. Heinze, C.A. 9, 258 F.2d 479, is informative. It was there held that a federal habeas corpus proceeding to review a state conviction is civil, rather than criminal in nature. It does not require the appointment of counsel as a matter of right at either the trial or appellate level. It was held that counsel may be required to accomplish Fifth Amendment due process but is not an absolute right under the Sixth Amendment. The Court elaborated that Fifth Amendment due process would suggest the appointment of counsel if the papers filed by the indigent prisoner "reveal a reasonable probability that an issue which is not plainly frivolous may be presented." In the absence of a showing of such a probability, neither Fifth Amendment due process nor a sound judicial discretion requires such appointment. It is initially the responsibility of the trial court to examine the papers. If the judge finds that the application is totally lacking in merit or would be denied without a hearing in the event of a non-indigent applicant, then counsel is not necessary.
In numerous federal decisions it has been held that there is no organic entitlement to have the assistance of counsel as a matter of right in a post-conviction collateral proceeding under Section 2255. In these cases the proceeding was considered to be civil in nature, even though it involved an attack upon a criminal conviction. In such collateral proceedings the applicant has the burden of making a prima facie case by the allegations of his application. Of course, if a hearing is found necessary the applicant would similarly have the burden of proving his allegations. Davis v. United States, C.A. 7, 214 F.2d 594; United States v. Caufield, C.A. 7, 207 F.2d 278; United States v. Williamson, C.A. 5, 255 F.2d 512, cert. den., 358 U.S. 941, 79 S.Ct. 348, 3 *896 L.Ed.2d 349; Estep v. United States, C.A. 5, 251 F.2d 579; Taylor v. United States, C.A. 8, 229 F.2d 826, cert. den., 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500. The Supreme Court of the United States has itself announced that post-conviction habeas corpus and motions under Section 2255, are independent original civil proceedings. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.E.2d 407; Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.
Of further persuasion was the action of the Judicial Conference of the United States which classified in forma pauperis motions under Section 2255, as being civil in nature for purposes of docketing on the civil dockets of the federal courts. Proceedings of the Judicial Conference of the United States, 1962 p. 76. See also, Right to Counsel in Criminal Post Conviction Review Proceedings, Cal.Law Review, December 1963, Vol. 51, p. 970, pp. 978-984; Boskey, The Right to Counsel in Appellate Proceedings, Minn.Law Review, Vol. 45, p. 783.
The sum of the authorities is that post-conviction remedies of the type under consideration are civil in nature and do not constitute steps in a criminal prosecution within the contemplation of the Sixth Amendment, supra. They do not require the application of the standard of absolutism announced by that amendment. Such remedies are subject to the more flexible standards of due process announced in the Fifth Amendment, Constitution of the United States. This means that in these collateral proceedings there is no absolute right to assistance of a lawyer. Nevertheless, Fifth Amendment due process would require such assistance if the post-conviction motion presents apparently substantial meritorious claims for relief and if the allowed hearing is potentially so complex as to suggest the need.
In the instant case, the District Court declined to give persuasive weight to the prior federal decisions on the subject, in view of the fact that they preceded Gideon v. Wainwright, supra, and Douglas v. California, supra. That court had the view that the right to counsel announced in those decisions modified the holdings of the prior federal cases governing Section 2255, post-conviction remedies. We think this distinction is not valid in view of the fact that when the prior federal decisions announced the federal post-conviction rule there was a constitutional entitlement to counsel in all criminal prosecutions in the federal courts. In other words, Gideon and Douglas changed the rule for state courts in regard to direct criminal prosecutions only.
Furthermore, on the very day that Gideon and Douglas were announced, March 18, 1963, the Supreme Court of the United States also announced its decision in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. Sanders involved a review of a Section 2255 proceeding. The decision is important because of a number of guidelines announced with reference to the nature of such a proceeding and the applicant's entitlement to a hearing. More appropriate to our present problem, however, was the holding regarding the function of the federal trial court in deciding whether a hearing is necessary and the need for counsel at such hearing. Sanders states:
"However, we think it clear that the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing. In this connection, the sentencing court might find it useful to appoint counsel to represent the applicant."
It is therefore apparent from this decision, announced simultaneously with Gideon and Douglas, that a movant under Section 2255, is not entitled to the assistance of counsel as a matter of absolute right. Whether counsel should be appointed will turn on the decision of the trial court regarding the presence of substance in the movant's claims and the need for legal assistance in view of the complexities that might arise in the course of a hearing, if a hearing is found necessary.
*897 Admittedly, there are those who seem to advocate a form of socialization of the legal profession that would provide government supplied legal services "from the cradle to the jail." Fortunately, up to this point, such a process of "judicare" has not attracted general judicial endorsement. Until mandated otherwise, we have no intention of relegating existing precedents to the limbo of a jurisprudential graveyard. Our analysis of the precedents, therefore, leads us to the following conclusions:
1. A proceeding under Rule 1, is civil in nature and analogous to post-conviction habeas corpus.
2. The due process requirements applicable to a Rule 1 proceeding are those suggested by Section 12, Declaration of Rights, Florida Constitution and the Fifth Amendment, United States Constitution, rather than the provisions of Section 11, Florida Declaration of Rights and the Sixth Amendment, United States Constitution.
3. A movant under Rule 1, must allege factual elements sufficient to constitute a basis for the collateral relief sought. If insufficient the motion may be denied. Alternatively, the Court would have discretion to permit appropriate amendments.
4. If the motion on its face states a case for relief the trial court must then look to the record to ascertain whether it "conclusively" reveals no entitlement to relief.
5. The trial judge has a sound judicial discretion to decide initially whether the claims presented are substantial. In doing so he must assume that the factual allegations of the motion are true unless the trial records conclusively reflect the contrary.
6. If the claims of the movant are judicially determined to be without substance or the record "conclusively" shows no entitlement to relief, then a Rule 1 motion may be denied without a hearing.
7. If the motion reflects substance and there is nothing conclusively in the record to the contrary, a hearing should be granted. The trial court would again have the judicial discretion to determine whether the presence of the prisoner at the hearing is essential or would be helpful. In general, this decision would be influenced by a consideration of whether the testimony of the prisoner on factual conflicts is required to produce a correct result.
8. There is no absolute organic right to the assistance of counsel at a hearing on a Rule 1 motion or on appeal from an adverse ruling thereon. Each case must be decided in the light of Fifth Amendment due process requirements which generally would involve a decision as to whether under the circumstances the assistance of counsel is essential to accomplish a fair and thorough presentation of the prisoner's claims. To this end, the court may find that the issues in the post-conviction proceedings have been simplified and are clearly drawn so that a fair hearing could be achieved without counsel. In all of these considerations, however, the proper course would be to resolve doubts in favor of the indigent prisoner when a question of the need for counsel is presented.
Inasmuch as the District Court here held that there is an absolute organic right to the assistance of counsel in the proceeding under review, its decision will have to be quashed. However, upon remand the District Court may review its own actions in the light of what we have said and determine whether under the circumstances the respondent should have the assistance of counsel in the case at bar. The decision is quashed and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
DREW, C.J., and THOMAS, ROBERTS, O'CONNELL and HOBSON (Ret.), JJ., concur.
*898 CALDWELL, J., concurs with opinion.
CALDWELL, Justice (concurring).
I concur with the opinion. I do so with the reminder that Gideon v. Wainwright, supra, announced new law in holding the Sixth Amendment guaranteed publicly paid counsel to those accused in criminal felony prosecutions. State courts should not indulge in the fabrication of any extension of that enlargement.

CLARIFICATION OF OPINION
PER CURIAM.
By our original opinion we drew an analogy between Florida Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, and Title 28, section 2255, U.S. Code. In the process it was pointed out that the federal courts have likened Section 2255 motions to a collateral civil action. Inasmuch as Florida Criminal Procedure Rule 1 motions are cognizable by criminal courts of record as well as circuit courts, we should point out that such motions are actually hybrid in character. Martin v. United States, C.A. 10, 273 F.2d 775. A motion under the Florida Rule is strictly a collateral assault upon a criminal conviction. To this extent it is an appropriate process in the criminal courts. However, it does not constitute a step in a criminal prosecution. Therefore, such a motion is not a component of the prosecution process subject to the guarantees of Section 11, Florida Declaration of Rights, F.S.A., or the Sixth Amendment to the Constitution of the United States.
In order to clarify our position, Paragraph 1 of the enumerated conclusions of our original opinion is revised to read as follows:
"1. The proceeding under Rule 1 is analogous to post-conviction habeas corpus but constitutes an independent collateral attack upon a criminal court conviction."
As above clarified we adhere to our original opinion filed March 4, 1964, and the petition for rehearing is denied.
It is so ordered.
DREW, C.J., and THOMAS, ROBERTS, THORNAL, O'CONNELL, CALDWELL and HOBSON (Retired), JJ., concur.