JOHNSON, Judge.
The defendant filed a petition for writ of mandamus or in the alternative for a writ of habeas corpus. He also filed affidavit of insolvency and requested the ap *62 pointment of counsel to represent him in his appeal. The defendant filed notice of appeal, also, from the order of the Circuit Court denying his motion for “discharge”, pursuant to Florida Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix.
This court, in an abundance of precaution, did on the 22nd of December, 1965, relinquish jurisdiction of said cause to the circuit court for the sole purpose of that court appointing counsel to represent the interest of the defendant on this appeal. The circuit court appointed the Public Defender to represent the defendant. After reviewing the defendant’s case in the light of the errors alleged by the defendant to exist, the Public Defender, who is an able attorney, filed his motion for leave to withdraw as counsel and as grounds therefor, says that after such examination of the records, he cannot in good faith and conscience file (find) assignments of error, nor can he find any merit in the appellant’s main contentions.
The appellant, in his own proper person, has heretofore, on December 9, 1965, filed his brief in support of his appeal from the order denying him relief under the Rule 1 proceedings.
We think this entire matter may be disposed of at one time. The Public Defender should be congratulated for his forthright statement of why he wanted to be relieved of prosecuting an appeal which had no merit. He should be relieved of this duty. This motion of the Public Defender, also removes the necessity for this court to be concerned or cautious about whether the defendant should have counsel appointed to represent him on this appeal. We do not see the necessity for any further appointment of counsel by this court or the circuit court.
The Supreme Court of Florida in State v. Weeks, 166 So.2d 892, 896, 897 (1964) has clearly stated that proceedings pursuant to Criminal Procedure Rule 1, do not constitute a step in a criminal prosecution within the contemplation of the Sixth Amendment, United States Constitution, and therefore the defendant, although indigent, is not entitled, as an absolute organic right, to the appointment of counsel. The Public Defender examined the record in the case sub judice and advises this court, in effect, that the appeal is without merit. Therefore, the assistance of counsel is not essential to accomplish a fair and thorough prosecution of the prisoner’s claim.
We now come to the petitioner’s main appeal. Whether it be considered as a petition for writ of habeas corpus or mandamus or straight appeal, the primary purpose and the alleged grounds therefor, are the same. The prisoner wants “out”.
We have given due consideration to the petition of the appellant and read his brief, and while the cases cited by the appellant in his brief constitute good law, neither of the cited cases fit the factual situation here.
We fail to find errors on the part of the trial court or any abuse of discretion. We find no merit in any of the contentions of the appellant, and therefore, the petition for mandamus and petition for writ of habeas corpus, are denied and the order appealed is
Affirmed.
WIGGINTON, Acting C. J., and STUR-GIS, J., concur.