PER CURIAM.
Appellant, defendant below, brings this appeal from an order denying his motion to vacate sentence filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
An information was filed against defendant charging him, in two counts, with breaking and entering and grand larceny. He was arraigned without counsel, entered a plea of guilty, and was sentenced to three years in prison on each count, sentences to run concurrently. Defendant filed a motion to vacate sentence on the grounds that he was without advice of counsel when he was arraigned and entered his plea. The trial court granted a hearing on this motion.
At this hearing on May 11, 1964, defendant was advised of his right to a new trial and that if he were unable to hire an attorney the Public Defender would represent him. Defendant was also informed that if he were tried and found guilty he could receive a longer sentence. As the discussion continued, it developed that defendant was under the impression that he would be set free upon the filing of his Rule No. 1 petition. He then informed the trial judge, “I am doing all right like I am.” The trial judge apparently treated this as a withdrawal of defendant’s petition and entered an order denying the petition and reinstating defendant’s original sentence.
Approximately one year later defendant filed an “Amended Motion to Vacate Judgment and Sentence Pursuant to Criminal Procedure Rule No. 1” alleging that he was without counsel during the proceedings of May 11, 1964, and prior thereto had been “physically and psychologically” threatened into “pleading guilty.” The trial judge denied this motion without a hearing, and defendant brought this appeal.
The record before this Court convinces us that at the hearing of May 11, 1964, defendant voluntarily withdrew his. petition upon learning that he was not entitled to be set free merely because he filed a motion to vacate. The so-called “Amended Motion” was in actuality a second motion seeking similar relief which the trial court was not required to entertain. Criminal Procedure Rule No. 1. Furthermore, defendant’s contention that he was without counsel at the hearing is without merit since there is no absolute organic right to assistance by counsel at such a hearing. State v. Weeks, 166 So.2d 892 (Fla.1964). Defendant’s contentions that he was “physically and psychologically” threatened are mere conclusions without supporting allegations of fact.
Thus the trial court properly denied defendant’s motion to vacate and his, ruling thereon is affirmed.
LILES, Acting C. J., and HOBSON and PIERCE, JJ., concur.