PER CURIAM.
This matter is before the court on the motion of court-appointed Public Defender for permission to withdraw from further representation of the defendant, Carl William Herzig, on appeal from the judgment of conviction of the defendant of armed robbery.
The motion sets forth that, in the opinion of the Public Defender, further prosecution of the appeal would be frivolous, would constitute trifling with the integrity of the court and would be a breach of the professional ethics of said counsel.
The Supreme Court of the United States in Douglas v. California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, held that, where an appeal from a criminal conviction existed as a matter of right, an indigent person convicted of a crime was entitled to court-appointed counsel on appeal. On the same day the court held that an indigent charged with a felony was entitled to have court counsel represent him at all critical stages in the proceedings. Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. Also on the same day the court decided Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, holding that the appointment of counsel in a proceeding under 28 U.S.C.A. § 2255 was a matter within the discretion of the trial court.
In State v. Weeks, Fla.1964, 166 So.2d 892, the Supreme Court of Florida held that the requirement of counsel on direct appeal from a judgment of conviction as set forth in Douglas v. California, supra, did not apply to appeals from denial of post-conviction relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix (Rule 1.850 of the new Florida Rules of Criminal Procedure, 1967, 196 So.2d 124). Criminal Procedure Rule 1 is virtually identical to 28 U.S.C.A. § 2255, and the court based its decision on the reasoning in Sanders v. United States, supra. No petition for writ of certiorari to the Supreme Court of the United States was filed in Weeks. Subsequently, in a case presenting the same issue as Weeks, the United States Supreme Court in a per curiam opinion reversed by merely citing Douglas v. State of California, supra. Hollingshead v. Wainwright, 1966, 384 U.S. 31, 86 S.Ct. 1284, 16 L.Ed.2d 333. As a result it would appear that now any indigent found guilty of a felony in a trial court is entitled, as a matter of right, to *634 counsel not only on direct appeal but also on appeal from a denial of post-conviction relief. By analogy this right to counsel would seem to exist on an appeal from a denial of relief by petition for habeas corpus.
The Supreme Court of the United States, having established such requirement, has nevertheless permitted counsel to withdraw in a situation similar to the facts of the case before the court here. Ellis v. United States, 1958, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060. In numerous cases these decisions have caused this court great difficulty in determining whether or not counsel should be appointed and, if appointed, what duties he should perform and whether or not he should be permitted to withdraw upon a motion or statement that the appeal had no merit.
The Supreme Court of the United States has also been confronted with this problem and in Anders v. State of California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, decided May 8, 1967, set forth the method by which such cases should be handled. We adopt that method and deem it to be of value to the attorneys and judiciary of this state to quote verbatim a portion of Anders v. California, supra, as follows:
“The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers does not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. [Footnote omitted.] His role as advocate requires that he support his client’s appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel’s brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel —then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel’s request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
“This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel. The no-merit letter, on the other hand, affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate. Moreover, such handling would tend to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled. This procedure will assure penniless defendants the same rights and opportunities on appeal — as nearly as is practicable — as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel.”
Accordingly, appointed counsel in the case sub judice will comply with the rule *635 as thus established. Anders v. State of California, supra.
Motion denied.
WALDEN, C. J., and CROSS, J., concur.
ANDREWS, J., concurs specially.