ERVIN, Justice
(dissenting):
I fail to see why another round of proceedings under another form of procedure with the attendant delays to Petitioner and expense to the state is necessary when the result will inevitably be the same.
We denied a writ in these habeas corpus proceedings which sought a review of the dismissal of Petitioner’s appeal, and as a result Petitioner was granted certiorari by the Supreme Court of the United States. Our judgment denying the writ was vacated and the cause remanded for further consideration in the light of Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, decided May 8, 1967.
Petitioner established in the certiorari review of these habeas corpus proceedings to the satisfaction of the Supreme Court of the United States that the Fourth District Court of Appeal improperly permitted Petitioner’s court-appointed attorney to withdraw from prosecution of the appeal and then dismissed his appeal. (See Walker v. State, 180 So.2d 689.)
On remand it seems to me all that is necessary to comply with the mandate of reversal of the Supreme Court of the United States is for us to issue the writ and direct that the appeal of Petitioner, an indigent, be reinstated in the District Court of Appeal, Fourth District, and that the District Court appoint counsel to represent the Petitioner in his reinstated appeal and that further handling and disposition of the appeal be in accord with the guidelines set forth in Anders v. State of California, supra.
In other words, because of the stated exceptional circumstances of this case, which included the fundamental error in dismissing Petitioner’s appeal, it appears sufficient merely for iis to order reinstatement of the appeal and that it be further handled as indicated in these habeas corpus proceedings and thereby directly comply with the mandate of the Supreme Court of the United States. Compare Hollingshead v. Wainwright (Fla.), 194 So.2d 577, and Herzig v. State (Fla.App.4th), 200 So.2d 632. The Petitioner has already pursued unsuccessfully Criminal Procedure Rule No. 1 proceedings in the court in which he was tried and sentenced. It seems unreasonably technical that after he has pursued his *852 remedy by way of habeas corpus in our Court, and reversed our decision therein in the Supreme Court of the United States, that he should be required to go through another delaying round of procedure in the trial court in order to obtain his appeal in the District Court. Moreover, it is obviously incongruous to send the Petitioner to the trial court to seek correction of the District Court’s error in dismissing the appeal when the trial court has neither concurrent jurisdiction with the District Court nor supervisory authority over it. The reinstatement of Petitioner’s appeal should be effected at the appellate level.
DREW, J., concurs.