DREW, Justice.
Petitioner filed in this Court a petition for writ of mandamus against the State Attorney of Dade County, Florida alleging that the petitioner was presently serving a sentence of eighteen months in the United States Penitentiary at Atlanta, Georgia for violation of the National Motor Vehicle Transportation Act; that since his incarceration in said federal prison, he had learned that a detainer warrant in favor of Dade County, Florida had been duly lodged against him in which petitioner was charged with the offense of breaking and entering and that he was entitled under the Constitution and laws of this State to a speedy trial upon said charge in Dade County, Florida, notwithstanding his present incarceration in the federal prison for violation of the National Motor Vehicle Transportation Act. Pursuant to said petition, this Court entered its alternative writ directed to the State’s Attorney of Dade County to forthwith initiate proceedings to have petitioner returned to Dade County for a speedy trial of the *166 charges against him or, in the alternative, to show cause why peremptory writ of mandamus commanding the same to be done should not issue.
The State’s Attorney has now filed his return to said alternative writ admitting that there is pending against petitioner in the Criminal Court of Record of Dade County, Florida an information charging him, the said petitioner, in two counts with breaking and entering a building with intent to commit a felony therein, to-wit: grand larceny in the first count and with petit larceny in the second count, being case no. 66-2763, the same having been filed in the office of the Clerk of said Court on the 8th day of April, 1966, in which information it is alleged that the said crimes were committed on the 3rd day of April, 1966. The return further alleges that the tentative date of the petitioner’s release from the federal penitentiary is November 7, 1967 and that the Judge of the Criminal Court of Record of Dade County, Florida, to whom such cause has been assigned for trial, will be absent from his duties in said Court beginning on the 4th day of August, 1967 until the 28th day of August, 1967 and the aforesaid case could not be tried until sometime in the middle of September, 1967 at the earliest and that it would pose an unreasonable hardship and expense upon the State of Florida and the County of Dade to have petitioner returned to said County for trial before his release and thereafter return him to the United States Penitentiary in Atlanta to serve the remaining short term of his sentence.
Upon consideration of the return and the fact that the expenses and hardship which would be imposed upon the State of Florida and Dade County to return the prisoner for trial under the circumstances appearing from the record and the short remaining time of petitioner’s sentence in the federal penitentiary in Atlanta are wholly disproportionate to any benefits to be received by the prisoner, it is
Ordered that the return to the alternative writ of the State Attorney is hereby found to be sufficient and that the alternative writ heretofore issued be and the same is hereby discharged. See Dickey v. Circuit Court, Gadsden County, Quincy, Florida, 200 So.2d 521, Supreme Court opinion filed June 14, 1967.
It is so ordered.
CALDWELL, C. J., and THOMAS, ROBERTS, THORNAL and ERVIN, JJ„ concur.