208 So.2d 619 (1968)
STATE of Florida, Petitioner,
v.
Carl William HERZIG, Respondent.
No. 36603.
Supreme Court of Florida.
March 27, 1968.
Earl Faircloth, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for petitioner.
W.D. Frederick, Jr., Public Defender and William B. Barnett, Asst. Public Defender, for respondent.
ROBERTS, Justice.
This is a review by conflict certiorari of the District Court of Appeal, Fourth District, 200 So.2d 632, which denied a motion of the Public Defender for permission to withdraw from further representation of one William Herzig on appeal from a judgment of conviction of armed robbery.
The motion set forth that, in the opinion of the Public Defender, further prosecution of the appeal would constitute trifling with the integrity of the court, and would be a breach of the professional ethics of counsel. In reviewing and thereupon denying the motion for withdrawal the appellate court adopted a method of review set forth in Anders v. State of California, 386 U.S. 738, *620 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), wherein the counsel wishing to withdraw must accompany his request by a brief referring to anything in the record that might arguably support the appeal, furnish the indigent a copy and allow time to raise any points that he chooses, and then await the court's decision on whether the case is wholly frivolous. If any arguable merit is found by the court then the indigent must be afforded counsel to argue the appeal. We agree.
Accordingly, we affirm the District Court insofar as its denial of the motion to withdraw is concerned. However, jurisdiction of this case was sought and granted on obiter dicta as follows:
"Subsequently, in a case presenting the same issue as Weeks [State v. Weeks, Fla. 1964, 166 So.2d 892], the United States Supreme Court in a per curiam opinion reversed by merely citing Douglas v. People of the State of California, supra. [Douglas v. People of the State of California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811] Hollingshead v. Wainwright, 1966 [Fla., 177 So.2d 477], 384 U.S. 31, 86 S.Ct. 1284, 16 L.Ed.2d 333 [Fla., 188 So.2d 788; 194 So.2d 577]. As a result it would appear that now any indigent found guilty of a felony in a trial court is entitled, as a matter of right, to counsel not only on direct appeal but also on appeal from a denial of post-conviction relief. By analogy this right to counsel would seem to exist on an appeal from a denial of relief by petition for habeas corpus."
The quoted portion of the appellate decision is in conflict with our decision in Weeks, supra, is not supported by Douglas v. California, supra, and is not a logical sequel to Hollingshead v. Wainwright, supra.
In Weeks, supra, we held that there is no absolute organic right to the assistance of counsel in an appeal from a denial on a collateral attack under Criminal Procedure Rule 1, F.S. ch. 924 Appendix, although the District Court may, in the interest of justice, determine whether under the factual situation then under review the prisoner should have the assistance of counsel. In Douglas v. People of the State of California, supra, the federal court held that an indigent was entitled to counsel on a direct appeal, stating,
"We are not here concerned with problems that might arise from the denial of counsel for the preparation of a petition for discretionary or mandatory review beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court. We are dealing only with the first appeal, granted as a matter of right to rich and poor alike * * * from a criminal conviction."
In Hollingshead, supra, after a denial of a petition for writ of habeas corpus by this court the Supreme Court of the United States reversed, citing Douglas, supra. On remand this court appointed a commissioner to investigate the contention that petitioner "had been denied due process of law by the trial court in refusing to furnish him counsel after Petitioner repeatedly requested him to do so for the purpose of direct appeal to review the conviction, judgment and sentence * * *" (Emphasis added). Upon consideration of the commissioner's report this court found that "due process of law requires that the Petitioner be afforded a full appellate review of his conviction, judgment and sentence" and further noted "We do not overlook the well established rule that ordinarily habeas corpus is not available as an alternate or substitute for an appeal. However, * * * the instant circumstances demand that the Petitioner be afforded a full appellate review, the ordinary or orderly procedure therefor not having been afforded in this cause."
Ordinarily, relief will not be granted in cases where it plainly appears that the granting of such relief will result in great public expense, confusion and disorder and will produce an injury to the public which *621 outweighs the individual right of the complainant to have the relief he seeks. Cabello v. State Attorney, Fla. (Fla. 1967) 203 So.2d 165. Appointment of counsel as a matter of right for indigents in appeals from an adverse ruling in collateral assaults on his conviction and sentence fall within this category.
We therefore adhere to our previous holding that there is no absolute right to counsel from a denial of post-conviction relief but that each case must be decided in the light of the Fifth Amendment due process requirements which generally would involve a decision as to whether under the circumstances the assistance of counsel is essential to accomplish a fair and thorough presentation of the prisoner's claims.
Accordingly, that part of the opinion of the District Court of Appeal labeled as obiter dicta and quoted herein is expunged, and that portion of the District Court judgment which denies the motion of the Public Defender for permission to withdraw as counsel is approved.
The conflicting portion of the opinion under review having been expunged, the writ of certiorari heretofore issued is discharged.
It is so ordered.
CALDWELL, C.J., and DREW and ADAMS, JJ., concur.
THORNAL, J., concurs in conclusion discharging writ.
ERVIN, J., concurs in part and dissents in part with Opinion.
THOMAS, J., dissents.
ERVIN, Justice (concurring in part and dissenting in part):
I concur in that part of the Court's opinion affirming the District Court's denial of the motion for withdrawal. I must register a dissent, however, insofar as today's decision reaffirms without exception the principle announced in State v. Weeks, 166 So.2d 892 (Fla. 1964).
In Weeks, this Court was of the view that an indigent prisoner was not entitled to the assistance of counsel as a matter of right upon an appeal from an adverse ruling on any motion brought under Criminal Procedure Rule 1. The principle announced in Weeks and reaffirmed today is that the assistance of counsel on appeal is only required where, under the particular circumstances, such assistance is deemed by the court essential to accomplish a fair and thorough presentation of the prisoner's claims. I am constrained to dissent insofar as this flexible and discretionary standard includes an appellate proceeding where the merits of a properly raised claim for relief are reviewed for the first time.
Both the Weeks decision and the majority opinion herein have considered the decision of the Supreme Court of the United States in Douglas v. People of the State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and have found it to be inapplicable to collateral proceedings. I believe that these decisions have too narrowly applied the rationale of Douglas.
The sweeping rationale of the Douglas decision is that a state cannot refuse to provide counsel for an indigent for the purpose of directly appealing a criminal conviction when such refusal would amount to an "invidious discrimination." Applying this rationale to the facts before it, the Supreme Court of the United States concluded:
"[W]here the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor." 372 U.S. at 357, 83 S.Ct. at 816. (Emphasis in text.)
In reaching this conclusion the Court noted:
"We are not here concerned with the problems that might arise from the denial *622 of counsel for the preparation of a petition for discretionary or mandatory review beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court. We are dealing only with the first appeal, granted as a matter of right to rich and poor alike * * * from a criminal conviction. * *" 372 U.S. at 556, 83 S.Ct. at 816. (Emphasis in text.)
The quoted passages reveal the true lesson of the Douglas decision. This lesson is that from the standpoint of equal protection if the merits of a claim or claims properly challenging a criminal conviction are actually being reviewed for the first time  whether in a direct appeal from the conviction or in a collateral attack seeking post-conviction remedy  the Constitution demands that an indigent appellate be afforded the assistance of a lawyer as of right to avoid "invidious discrimination" between litigants. We should not be blinded because Douglas involved a direct appeal as of right into failing to see that the principle of equality of representation applies to the initial post-conviction appeals described. In this respect it is interesting to note that the principle announced in Griffin v. People of the State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), which was extensively relied on for support in Douglas, is equally applicable to post-conviction proceedings collaterally attacking a criminal conviction. Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961); Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963).
The purpose of Rule 1 as it was enacted originally was to facilitate the handling of post-conviction claims and to provide state prisoners with procedural facilities for asserting belatedly acquired rights that were not recognized at the time of their conviction. See Reddick v. State, 190 So.2d 340 (2d DCA Fla. 1966), cert. denied 199 So.2d 99 (Fla.). It is evident that generally a Rule 1 proceeding may not be used to retry issues and correct errors reviewable only upon direct appeal from a conviction. See Harper v. State, 168 So.2d 325 (1st DCA Fla. 1964), cert. denied 177 So.2d 15 (Fla.). But the conclusion is inescapable that an appeal from an initial order denying a motion for relief under a true Rule 1 proceeding ostensibly occasions the first appellate review of the merits of a new and genuine claim challenging a criminal judgment and sentence. When this is the situation, I believe that the mandate of equal protection dictates that the indigent prisoner be afforded the assistance of counsel for the purpose of presenting the merits of his claim.
It follows that what has been said does not suggest that the state must provide counsel in every case where an indigent desires appellate review of the order denying his Rule 1 motion. For example, an order denying a Rule 1 motion may be predicated upon an application of the principles of res adjudicata. This may occur when the issues sought to be reviewed in the Rule 1 proceeding were actually raised and conclusively and properly set at rest in a prior direct or collateral proceeding and an appeal therefrom was decided adversely to movant or he failed to timely prosecute an appeal. See Whitney v. State, 184 So.2d 207 (3d DCA Fla. 1966), cert. denied 192 So.2d 490 (Fla.). Similarly, Rule 1 expressly provides that "the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Under this limitation a court either at the trial or appellate level need not entertain a second motion or appeal for relief when a prior motion or appeal for similar relief, based on substantially the same grounds, has been conclusively and properly denied. Cameron v. State, 196 So.2d 182 (2d DCA Fla. 1967). In these and similar instances the review afforded by the appellate court does not involve the merits of a new and genuine claim challenging a criminal judgment and sentence and the same may be summarily dismissed out of hand as sham and pettifoggery and without appointment of counsel for the indigent.
*623 The mandate of equal protection, as illuminated in Douglas v. State of California, supra, does not mandatorily compel the state to provide counsel for assisting indigents in the reprosecution of appeals of the same claims which were previously properly denied and which denials were either not timely appealed or were not disturbed when appealed. The critical similarity between Douglas and an appeal from a denial of a Rule 1 motion exists only where the merits of the claim for relief are properly reviewed for the first time. In the latter situation, I reiterate, I believe that equal protection dictates that an indigent be afforded the assistance of counsel and this right cannot be made contingent upon a judicial determination of whether such assistance is, under the circumstances, essential to accomplish a fair and thorough presentation of the indigent's claims.
A court should not be required to furnish counsel to represent an indigent who wishes to relitigate a claim attacking the validity of a conviction, where such claim was properly raised and denied in a previous hearing or appeal and wherein the indigent's rights to due process and to counsel were not denied. But if the converse is true and a genuine new claim is properly raised as to the validity of the conviction which has not been conclusively disposed of in prior proceedings, counsel should be provided the indigent to represent him in presenting the new claim, at least to the extent indicated in Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
Providing assistance of counsel for an indigent prisoner who, through a Rule 1 proceeding, is seeking the first appellate review of the merits of a claim to vacate his judgment and sentence does not place an intolerable burden upon state machinery. We note that the Attorney General's office properly appears to represent the State's interests in all such proceedings at the appellate level. There is little reason why an indigent prosecuting such an appeal should not also be represented by counsel. Certainly the appellate court would be better advised as to the correct disposition of the appeal if both sides were represented by legal counsel. Counsel appointed to represent an indigent is not obligated to pursue endlessly and ridiculously an appeal that is found to be lacking in merit. In this respect, the guidelines promulgated in Anders v. State of California, supra, would be controlling.
I would recede from the Weeks decision to the extent indicated.