701 So.2d 366 (1997)
James RUSSO, Public Defender, etc, Petitioner,
v.
Wesley AKERS, Respondent.
No. 97-2166.
District Court of Appeal of Florida, Fifth District.
October 24, 1997.
*367 Blaise Trettis, Viera, for Petitioner.
No appearance for Respondent.
W. SHARP, Judge.
James Russo, the Public Defender for the Eighteenth Judicial Circuit, seeks a writ of certiorari quashing an order requiring the public defender to represent an indigent defendant, Wesley Akers, in the evidentiary hearing on Akers' Rule 3.850 motion. The Public Defender argues that section 924.051(9), Florida Statutes (Supp.1996), prohibits the use of state employees, such as public defenders, in collateral proceedings in non-capital cases unless constitutionally or statutorily mandated and that section 924.066(3), Florida Statutes (Supp.1996), provides that a defendant in a non-capital case who is seeking collateral review has no right to court-appointed counsel. The Public Defender also claims that section 27.51, Florida Statutes (1995), lists the duties of public defenders and it does not include representing indigent defendants in collateral proceedings. We disagree with the Public Defender and deny the petition for writ of certiorari.
Although there is no absolute right to counsel in a postconviction proceeding, the Florida Supreme Court has held that due process requires that counsel be provided if a postconviction motion presents a meritorious claim and a hearing on the motion is potentially so complex that counsel is necessary. See Graham v. State, 372 So.2d 1363 (Fla. 1979); State v. Weeks, 166 So.2d 892 (Fla. 1964). The trial court in this case has determined that counsel is necessary under the test enunciated in Graham and the Public Defender does not dispute this finding. Therefore, counsel is constitutionally mandated and the use of the Public Defender is not prohibited under section 924.051(9).
Section 924.066(3), Florida Statutes, appears to conflict with the holding in Weeks and Graham that counsel may be constitutionally required in a collateral proceeding. However, when possible, a statute must be construed so as not to conflict with the constitution. See State v. Stalder, 630 So.2d 1072 (Fla.1994); Florida Department of Education v. Glasser, 622 So.2d 944 (Fla.1993). Therefore, we construe section 924.066(3) to mean that there is no statutory right to counsel. However, the statute does not preclude the appointment of counsel when constitutionally mandated under Weeks and Graham.
Finally, we find that representation of indigent defendants who seek to vacate a felony conviction falls within the duties of the Public Defender listed in Chapter 27. The Public Defender has represented such defendants in postconviction proceedings for years based on this same statute. Accordingly, we conclude that the trial court did not depart from the essential requirements of law in its appointment of the Public Defender to represent Akers in his postconviction evidentiary hearing.
PETITION DENIED.
COBB and ANTOON, JJ., concur.