724 So.2d 1151 (1998)
James RUSSO, etc., Petitioner,
v.
Wesley AKERS, Respondent.
No. 91,943.
Supreme Court of Florida.
November 25, 1998.
Blaise Trettis, Executive Assistant Public Defender, Viera, for Petitioner.
Stephen F. Hanlon and Nina M. Zollo of Holland & Knight LLP, Tallahassee, for Respondent.
PER CURIAM.
We have for review Russo v. Akers, 701 So.2d 366 (Fla. 5th DCA 1997), which affects a class of state or constitutional officers. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve Russo.
Wesley Akers was found guilty of two counts of assault and sentenced on June 8, 1995, to ten years' imprisonment as an habitual offender. He subsequently filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of trial counsel. The trial court determined that an evidentiary hearing on the motion was required and that counsel for Akers was necessary. When the assistant public defender balked at appointment, the court appointed outside counsel, Jeffrey Dowdy. Dowdy subsequently withdrew due to a conflict of interest, and the court appointed John Galluzzo. Galluzzo also withdrew, and the court then appointed the public defender.
The public defender filed a motion to withdraw, claiming that the court was without statutory authority to appoint him in a noncapital rule 3.850 proceeding. The trial court denied the motion, and the public defender filed a petition for writ of certiorari in the district court. The district court denied the writ, noting that public defenders have represented indigent defendants in noncapital postconviction proceedings for years and that *1152 nothing has changed in the applicable statute, i.e., section 27.51, Florida Statutes (1995). The public defender soughtand this Court grantedreview.
The public defender takes the position that his authority to represent clients is circumscribed by section 27.51 and that because Akers is a convicted felon he is no longer "under arrest" or "charged with a felony." Ergo, the public defender reasons, the trial court was without authority to appoint him in the present case. We disagree.
This Court in Graham v. State, 372 So.2d 1363 (Fla.1979), explained that due process concerns dictate the appointment of counsel in certain postconviction proceedings:
We recognize that we have the authority to appoint counsel for representation in the state court system. Historically, Florida was one of the first jurisdictions in this country after Gideon to provide a state public defender system to represent indigent defendants and to adopt a broad omnibus post-conviction relief procedure. This Court has specifically held that although there is no absolute right to counsel in post-conviction relief proceedings, the Court before which the proceedings are pending must determine the need for counsel and resolve any doubts in favor of the appointment of counsel for the defendant. In Hooks v. State, 253 So.2d 424, 426 (Fla.1971), this Court in an opinion by Mr. Justice Adkins specifically held:
The question in each proceeding of this nature before this Court should be whether, under the circumstances, the assistance of counsel is essential to accomplish a fair and thorough presentation of the petitioner's claims. Of course, doubts should be resolved in favor of the indigent petitioner when a question of the need for counsel is presented. Each case must be decided in the light of the Fifth Amendment due process requirements.

See State v. Weeks, 166 So.2d 892 (Fla. 1964). The adversary nature of the proceeding, its complexity, the need for an evidentiary hearing, or the need for substantial legal research are all important elements which may require the appointment of counsel. This appointment authority is discretionary, with any doubts being resolved in favor of an indigent defendant. There is no absolute duty to appoint counsel for an indigent defendant in a post-conviction relief proceeding unless the application on its face reflects a colorable or justiciable issue or a meritorious grievance.
Graham, 372 So.2d at 1365-66 (footnotes omitted).
Section 27.51 specifically addresses the duties of the public defender and provides in relevant part:
27.51 Duties of public defender.
(1) The public defender shall represent, without additional compensation, any person who is determined by the court to be indigent as provided in s. 27.52 and who is:
(a) Under arrest for, or is charged with, a felony ....
§ 27.51, Fla. Stat. (1995). The statute thus is silent concerning postconviction proceedingsit neither authorizes nor bars the public defender from representing indigent defendants in noncapital postconviction proceedings. While several other statutes and a rule of procedure address the issue of court-appointed representation on collateral review, none addresses the public defender's role and each is subject to the dictates of Graham.[1]
The district court in the present case addressed the applicability of section 27.51 and other statutes:
Although there is no absolute right to counsel in a postconviction proceeding, the Florida Supreme Court has held that due process requires that counsel be provided *1153 if a postconviction motion presents a meritorious claim and a hearing on the motion is potentially so complex that counsel is necessary. See Graham v. State, 372 So.2d 1363 (Fla.1979); State v. Weeks, 166 So.2d 892 (Fla.1964). The trial court in this case has determined that counsel is necessary under the test enunciated in Graham and the Public Defender does not dispute this finding. Therefore, counsel is constitutionally mandated and the use of the Public Defender is not prohibited under section 924.051(9).
Section 924.066(3), Florida Statutes, appears to conflict with the holding in Weeks and Graham that counsel may be constitutionally required in a collateral proceeding. However, when possible, a statute must be construed so as not to conflict with the constitution. See State v. Stalder, 630 So.2d 1072 (Fla.1994); Florida Department of Education v. Glasser, 622 So.2d 944 (Fla.1993). Therefore, we construe section 924.066(3) to mean that there is no statutory right to counsel. However, the statute does not preclude the appointment of counsel when constitutionally mandated under Weeks and Graham.
Finally, we find that representation of indigent defendants who seek to vacate a felony conviction falls within the duties of the Public Defender listed in Chapter 27. The Public Defender has represented such defendants in postconviction proceedings for years based on this same statute. Accordingly, we conclude that the trial court did not depart from the essential requirements of law in its appointment of the Public Defender to represent Akers in his postconviction evidentiary hearing.
Russo, 701 So.2d at 367. We agree with the analysis and result in Russo and adopt the opinion in toto.
Based on the foregoing, we approve Russo.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] See § 924.051(9), Fla. Stat. (Supp.1996) ("Funds, resources, or employees of this state or its political subdivisions may not be used, directly or indirectly, in appellate or collateral proceedings unless the use is constitutionally or statutorily mandated."); § 924.066(3), Fla. Stat. (Supp.1996) ("A person in a noncapital case who is seeking collateral review under this chapter has no right to a court-appointed lawyer."); Fla. R.Crim. P. 3.111(b)(2) ("Counsel may be provided to indigent persons in all proceedings arising from the initiation of a criminal action against a defendant, including postconviction proceedings and appeals therefrom ....")