PER CURIAM.
Appellant seeks review of a final order denying his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part; reverse in part; and remand for further proceedings consistent with this opinion.
Appellant timely filed his motion for postconviction relief, listing 22 grounds alleging ineffective assistance of trial counsel. In a subsequently filed and sworn “Supplement/Addendum,” appellant added an additional claim of ineffective assistance of counsel, which he numbered ground 23. The trial court ordered the state to respond to all of appellant’s claims. The state did respond, conceding the necessity of an evidentiary hearing on some of the claims and arguing for the summary dismissal of the others. Ultimately, an evi-dentiary hearing was held on appellant’s grounds 1-5, 9, 12, 14 and 16-22, at which hearing appellant was represented by court-appointed counsel. The remaining grounds 6, 7, 8, 10, 11, 13 and 15 were summarily denied. Ground 23 was omitted altogether from the trial court’s several orders.
In the meantime, appellant filed a pro se motion seeking the discharge of his court-appointed counsel on grounds of conflict of interest, professional negligence, unprofessional conduct and general ineffectiveness. Following a hearing at which appellant and his attorney were permitted to testify, the trial court found there was no legal basis to discharge counsel and, therefore, denied the motion.
Appellant raises seven points on appeal, challenging the denial of his motion to discharge appointed postconviction counsel; the failure to address ground 23 of his motion for postconviction relief; the summary denial of grounds 8 and 15, without attaching portions of the record conclusively refuting his claims; the summary denial of grounds 6, 7, 10, 11 and 13, on the basis that those claims were facially insufficient; and the denial of grounds 1-5, 9, 12, 14 and 16-22 following the evidentiary hearing.
We affirm, without discussion, the denial of relief on those claims heard at the evi-dentiary hearing, as there was competent substantial evidence to support the trial court’s findings that appellant’s trial counsel was not ineffective. We also affirm the summary denial of grounds 8 and 15, because the record conclusively supports the trial court’s conclusion that appellant is not entitled to relief. Cf Bland v. State, 563 So.2d 794, 794-95 (Fla. 1st DCA 1990) (holding that the trial court’s failure to attach portions of the record upon which it had relied in summarily dismissing the defendant’s motion was not reversible error where the same portions of the record were relied upon by the defendant on appeal and appeared in the record on appeal). Lastly, we affirm those points on appeal which challenge the trial court’s denial of the motion for discharge of court-appointed counsel because it is clear from the record that no valid reason for discharge existed.
However, as to the remaining points raised by appellant, we are constrained to reverse. Although it is clear from the record and the several orders of the trial court that the court attempted to comply with its responsibility under rule 3.850 to review the record and files in this case, the sheer volume of claims of ineffective assistance of counsel resulted in appellant’s ground 23 being lost in the glut of pages. In addition, we conclude that grounds 6, 7, 10, 11 and 13 were facially sufficient to require the trial court either to attach portions of the record conclusively supporting their summary denial, or to hold an evidentiary hearing. Accordingly, *606 we reverse the denial of grounds 6, 7, 10, 11, 13 and 23, and remand for attachment of portions of the record conclusively refuting appellant’s claims, or for an eviden-tiary hearing.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
BROWNING, C.J., WEBSTER, and PADOVANO, JJ., concur.