VILLANTI, Judge.
Damien D. Freeman appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, raising seven grounds for relief. We hold that the postconviction court erred when it failed to hold a Faret-ta[1] — type hearing after Freeman sought to represent himself at the evidentiary hearing on ground one of his motion. Therefore, we reverse on this basis and remand for further proceedings. This disposition renders the remainder of Freeman’s claims moot.
Freeman was convicted of one count of manslaughter with a firearm based on events that occurred on July 18, 1997, and he was sentenced to 180 months in prison. His direct appeal was affirmed without *555 opinion, see Freeman v. State, 731 So.2d 661 (Fla. 2d DCA 1999) (table), and mandate issued on March 10, 1999.
On October 30, 2007, Freeman filed a motion for postconviction relief based on newly discovered evidence. After receiving a response from the State, the postcon-viction court ordered an evidentiary hearing on this ground. Although Freeman never requested that counsel be appointed, the trial court sua sponte appointed counsel to represent him at the evidentiary hearing.
At the start of the hearing, appointed counsel told the court that Freeman had told him that he wanted to represent himself at the hearing. Counsel noted that he and Freeman were in disagreement over whether certain witnesses should be presented at the evidentiary hearing. The court turned to Freeman and asked what “the problem” was with having appointed counsel represent him. Freeman responded that he had not asked the court to appoint counsel for him and that “I want to represent myself.” At that point, the following dialogue occurred:
THE COURT: Please, Mr. Freeman, don’t interrupt me. I’ve already made a determination that it is in your best interest to have [appointed counsel] represent you. He is a trained lawyer. He knows what he’s doing, and I think — and I still believe it is in your best interest to have [appointed counsel] represent you. So other than just a general desire to represent yourself, is there any other issue that you have with regards to [appointed counsel]?
MR. FREEMAN: Well, you know, I know my case better than anybody in here. I know all the facts of my case, and with that being so, even though [appointed counsel] have [sic] way more experience in law than I do and I’m just a pro se inmate, you know—
THE COURT: Well, you’re not pro se now—
MR. FREEMAN: Yeah.
THE COURT: — because you have [appointed counsel] representing you.
MR. FREEMAN: Same thing. You know, I feel qualified to represent myself and this ain’t nothing but a simple evidentiary hearing. I got everything already lined up. The only thing I need is the Court to subpoena all my witnesses for number one....
[[Image here]]
MR. FREEMAN: I want to represent myself.
THE COURT: I understand.
MR. FREEMAN: I feel it’s in my best interest to represent myself, but if the Court feel [sic] it ain’t in my best interest, then I feel even the Court should at least let me be co-counsel. I don’t see nothing wrong with that.
THE COURT: Well, you can’t be co-counsel.
MR. FREEMAN: Then I want to represent myself.
The court subsequently denied Freeman’s motion to discharge appointed counsel because it did not find that there was a conflict of interest, “professional negligence, unprofessional conduct, or general ineffectiveness.” Thus, the hearing proceeded with appointed counsel representing Freeman against Freeman’s wishes.
In this appeal, Freeman contends that the postconviction court erred by failing to hold a Faretta-type hearing after he unequivocally stated that he wanted to discharge his court-appointed counsel and proceed pro se. For the reasons explained below, we agree that the trial court abused its discretion by failing to hold a hearing to consider Freeman’s arguments.
*556 “The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment.” Martinez v. Court of Appeal of Cal., Fourth Appellate Dist., 528 U.S. 152, 154, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). As a corollary to this, a defendant also “has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so.” Faretta v. California, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (emphasis added).
However, once a defendant “passes beyond the direct appeal stage and into post-conviction proceedings, there is simply no constitutionally protected right to counsel.” Rose v. Crosby, No. 8:93-cv-1169-T-23EAJ, 2006 WL 4701821 at *3 (M.D.Fla. Apr.26, 2006); see also Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (“We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, a fortiori, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.”).[2] In the absence of a constitutional or statutory right to counsel, there can be no concomitant right to self-representation. See Rose, 2006 WL 4701821 at *4. Instead, the decision of whether to appoint counsel or allow a post-conviction defendant to represent himself is within the trial court’s discretion.
Regardless of whether the court is exercising its discretion at the trial or postconviction level, in no case is a trial court’s discretion simply unbridled. Instead, the trial court must always exercise its discretion within the bounds of the law, see Ellard v. Godwin, 77 So.2d 617, 619 (Fla.1955) (holding that “judicial discretion ... ‘does not imply that a court may act, or fail to act, according to the mere whim or caprice of the presiding judge, but it means a discretion exercised within the limits of the applicable principles of law ” (quoting Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241, 247 (1930))), and it must make a decision that is informed by facts and circumstances of the particular case in which it arises, see Matire v. State, 232 So.2d 209, 211 (Fla. 4th DCA 1970) (“A trial court, when exercising discretion, must consider each case upon its individual facts and circumstances.”); cf. Albert v. Miami Transit Co., 154 Fla. 186, 17 So.2d 89, 90 (1944) (noting that judicial discretion depends on more than “the length of the judge’s foot, the state of his temper, the intensity of his prejudice, or perhaps his zeal to reward or punish a litigant”). An uninformed exercise of discretion is, by definition, arbitrary, fanciful, or unreasonable. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
In the context of motions for postconviction relief, the supreme court has held that “due process concerns dictate the appointment of counsel in certain postconviction proceedings.” Russo v. Akers, 724 So.2d 1151, 1152 (Fla.1998) (emphasis omitted). In addressing these potential due process concerns, trial courts must consider “ ‘[t]he adversary nature of the proceeding, its complexity, the need for an evidentiary hearing, or the need for substantial legal research’ ” in determining whether to appoint counsel for a postcon- *557 vietion defendant. Id. (quoting Graham v. State, 372 So.2d 1363, 1365-66 (Fla.1979)). Further, “[t]here is no absolute duty to appoint counsel for an indigent defendant in a post-conviction relief proceeding unless the application on its face reflects a colorable or justiciable issue or a meritorious grievance.” Graham, 372 So.2d at 1366. Thus, while a trial court has broad discretion in determining whether to appoint counsel for a posteonviction defendant, the considerations discussed in Graham and Russo frame the exercise of that discretion.
In the somewhat analogous situation of capital posteonviction defendants, the supreme court has held that before a capital posteonviction defendant can waive his or her statutory right to counsel and proceed pro se, the posteonviction court must “conduct a Faretta-type evaluation of [the defendant] to determine if he understands the consequences of waiving collateral counsel and proceedings.” Durocher v. Singletary, 623 So.2d 482, 485 (Fla.1993). Federal courts also sometimes find such a hearing appropriate in the context of post-conviction defendants. See Rose, 2006 WL 4701821 at *1 (conducting an evidentiary hearing “within the rubric of Faretta ” in a posteonviction case “to determine whether Rose understands the implications of self-representation”).
Since the posteonviction court must exercise its discretion in determining whether to allow a noncapital posteonviction defendant to proceed pro se and since the exercise of that discretion must be informed by the facts and circumstances of the individual case, we hold that a posteon-viction court must conduct a hearing “within the rubric of Faretta” to determine whether the noncapital posteonviction defendant understands the implications of self-representation before it exercises its discretion to either grant or deny that defendant’s motion to discharge counsel and proceed pro se. Such a hearing will allow the court to balance the posteonviction defendant’s desire to represent him or herself against the “overriding state interest in the fair and efficient administration of justice.” Martinez, 528 U.S. at 163, 120 S.Ct. 684.
In this case, the record does not show that the posteonviction court took the necessary step of becoming informed of the facts specific to Freeman’s request to represent himself before exercising its discretion to deny that request. Nor does the record show that the posteonviction court was sufficiently informed to allow it to balance Freeman’s desire to represent himself against the State’s interest in the fair and efficient administration of justice. Thus, the posteonviction court’s ruling constituted an abuse of discretion, and we must reverse and remand for further proceedings. If Freeman persists in his request to represent himself at a new evi-dentiary hearing, the posteonviction court must conduct a hearing within the rubric of Faretta to consider whether Freeman understands the implications of self-representation and to balance his interests against the State’s interest in the fair and efficient administration of justice. If, after conducting such a hearing, the court exercises its discretion to permit Freeman to represent himself in the posteonviction proceedings, the court must hold a new evidentiary hearing.
Reversed and remanded for further proceedings.
MORRIS, J., Concurs.
KHOUZAM, J., Concurs in result only.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

. We note that in its brief to this court, the State failed to cite any authority concerning whether a postconviction defendant has a right, from whatever source, either to appointed counsel or to self-representation. The State provided such authority for the first time in its motion for rehearing from this court's original opinion.