*332
 
 PER CURIAM.
 

 We affirm the trial court’s denial of appellant’s 18-claim, 100-plus-page motion and supplemental motion for postconviction relief. Fla. R.Crim. P. 3.850. Appellant raised numerous claims couched in terms of ineffective assistance of trial counsel.
 
 See Strickland, v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (setting forth a two-prong standard that requires defendant to establish (1) that counsel provided constitutionally-deficient performance and (2) that defendant was prejudiced). The postconviction court summarily denied certain claims and denied the remaining claims after conducting an evidentiary hearing.
 

 We write to address appellant’s arguments that th'e court erred in excluding him from the evidentiary hearing based on appellant’s disruptive courtroom behavior. Appellant contends that the court did not conduct an adequate inquiry when he moved to discharge appointed postconviction counsel and erred in refusing to permit him to represent himself. We hold that the court did not abuse its discretion in removing appellant from the courtroom after he punched his postconviction attorney and that the court conducted an adequate inquiry as to appellant’s dissatisfaction with appointed counsel. Appellant did not unequivocally ask to represent himself at the hearing, and the trial court did not abuse its discretion in refusing to allow appellant, whose legal filings are largely incomprehensible, to represent himself. We affirm in all respects.
 
 [1]
 

 Background
 

 Appellant was convicted after jury trial of capital sexual battery on a child under twelve and sentenced as a prison releasee reoffender to life in prison. The child testified at trial that appellant, her mother’s live-in boyfriend, succeeded in partially inserting his penis into her vagina and anus and that he inserted his fingers into her vagina. The day after the incident the six-year-old victim reported the abuse to a school teacher who discovered feces and blood in the child’s underwear. The child’s hymen was intact but she had a bleeding abrasion in her vaginal area and redness which the doctor who conducted the sexual assault examination opined could have been caused by rubbing with a finger or penis. The doctor opined that a bloody vaginal swab suggested possible inter-vaginal orifice trauma as well. The child was incontinent but had solid stool which the doctor found unusual and consistent with anal penetration. This court
 
 per curiam
 
 affirmed the conviction and sentence on direct appeal without a written opinion.
 
 Jones v. State,
 
 963 So.2d 245 (Fla. 4th DCA 2007) (table).
 

 Postconviction Motions
 

 Appellant’s excessive postconviction motions raised many repetitive, meritless, and frivolous claims which we will not discuss in detail in this opinion. The trial court ordered an evidentiary hearing on several claims because some of appellant’s sworn allegations were not refuted by the record. Appellant alleged that, in a deposition, the victim had denied that appellant caused the injury to her vaginal area and that he had seen the child’s mother applying ointment to the injury. Trial counsel had traveled across the state to take the child’s deposition and lost the tape of that deposition. Counsel again deposed the victim before trial and she maintained that appellant was the cause of her injuries. Trial counsel’s loss of the tape of the initial
 
 *333
 
 deposition was addressed in hearings before trial after appellant filed motions to discharge his trial counsel on that basis. Although the issue appears to have been fully litigated before trial, in these post-conviction proceedings, appellant accuses trial counsel and the prosecutor of conspiring to destroy the tape of this deposition (and then coaching the victim to lie in the second deposition) in order to hide evidence which appellant maintains was favorable to his defense.
 

 Evidentiary Hearing
 

 At the evidentiary hearing, after the judge denied appellant’s requests to discharge his court-appointed postconviction counsel and to appoint new counsel, and after the judge refused to allow appellant to represent himself, appellant summoned his postconviction counsel to his side under the pretense that he wanted to speak with him. Appellant then struck counsel in the face with a closed fist. Appellant was subdued by deputies and removed from the courtroom.
 
 [2]
 
 The evidentiary hearing proceeded with his court-appointed post-conviction counsel and without appellant.
 

 Trial counsel testified that the victim had not made the statements that appellant alleged regarding the pre-existing nature of the injury. The victim did not indicate in either deposition that appellant had not caused the injury. The victim’s mother also testified at deposition contrary to appellant’s allegations. Presumably, if permitted to testify, appellant would have repeated the unfounded accusations that he lodged in his motion.
 

 In his initial brief, appellant proffers that he would have testified regarding a sexually-transmitted disease he had acquired in the past and that the victim would have gotten this disease if he had committed the acts. This proffered testimony is not relevant to any claim raised in the motion.
 

 Analysis
 

 Appellant contends that the trial court erred in removing him from the courtroom and failing to afford him an opportunity to return and provide testimony regarding his postconviction claims. He also contends that the trial court did not conduct a sufficient inquiry into his requests to discharge court-appointed counsel.
 

 A motion for postconviction relief under Rule B.850 is a civil proceeding challenging a conviction and sentence.
 
 State ex rel. Butterworth v. Kenny,
 
 714 So.2d 404, 409-10 (Fla.1998). Postconviction challenges are quasi-criminal in nature because they are brought in courts with criminal jurisdiction.
 
 Id.
 
 A postconviction movant, however, does not have the same panoply of constitutional rights which are afforded to a defendant in a criminal prosecution.
 

 Neither the Fifth nor the Sixth Amendment rights of a criminal defendant apply in postconviction relief proceedings.
 
 Arbelaez v. State,
 
 898 So.2d 25, 42 (Fla. 2005).
 
 See also Pennsylvania v. Finley,
 
 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (holding that prisoner has no federal constitutional due process or equal protection right to counsel in postconviction proceedings);
 
 Mayolo v. State,
 
 714 So.2d 1124, 1124 (Fla. 4th DCA 1998) (recognizing that a postconviction movant has no Sixth Amendment right to appointed counsel). A postconviction movant stands convicted under a presumptively valid judgment and the movant, as a civil
 
 *334
 
 litigant, has the burden of proving a legally valid basis to vacate that judgment.
 

 A defendant cannot claim ineffective assistance of postconviction counsel.
 
 Hunter v. State,
 
 48 So.3d 836 (Fla.2010) (additional cases cited therein);
 
 Hartley v. State,
 
 990 So.2d 1008, 1016 (Fla.2008) (‘“[A]ll courts’ have held, that the Sixth Amendment does not guarantee a right to the effective assistance of posteonviction counsel”).
 

 The requirements of
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973), and
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), which are founded on the Sixth Amendment, do not apply in postconviction relief proceedings.
 
 See Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.,
 
 528 U.S. 152, 163, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000) (holding that
 
 Faretta
 
 does not apply and a defendant has no right of self-representation in a direct appeal of a criminal conviction).
 
 [3]
 

 The right to represent oneself in a criminal prosecution derives from the Sixth Amendment and “ ‘must be honored out of ‘that respect for the individual which is the lifeblood of the law.’ ’ ”
 
 Tennis v. State,
 
 997 So.2d 375, 377-78 (Fla.2008) (quoting
 
 Faretta,
 
 422 U.S. at 834, 95 S.Ct. 2525). Under
 
 Faretta,
 
 the criminal defendant has a constitutional right to proceed
 
 pro se
 
 in the criminal prosecution when the defendant “voluntarily and intelligently elects to do so.”
 
 Faretta,
 
 422 U.S. at 807, 95 S.Ct. 2525. A defendant’s unequivocal request for self-representation triggers a duty for the trial court to conduct a hearing to “determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel.”
 
 Tennis,
 
 997 So.2d at 378. When making this determination, the defendant’s legal knowledge and skill to conduct the defense is not a basis for denying self-representation. Fla. R.Crim. P. 3.111(d)(3).
 
 See Faretta,
 
 422 U.S. at 836, 95 S.Ct. 2525. The inquiry is intended to assure that the decision to waive counsel is made with “eyes open.”
 
 Id.
 
 at 835, 95 S.Ct. 2525.
 

 Faretta
 
 itself provides that: “The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.” 422 U.S. at 834 n. 46, 95 S.Ct. 2525. “[S]erious and obstructionist misconduct” is grounds for terminating self-representation in a criminal prosecution.
 
 Id.
 
 (citing
 
 Illinois v. Allen,
 
 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970)).
 
 See also Perry v. Mascara,
 
 959 So.2d 771, 773 (Fla. 4th DCA 2007) (“The right to self-representation, however, is not absolute and does not entitle petitioner to abuse the court system.”).
 

 In Florida, a non-capital post-conviction movant has no absolute constitutional or statutory right to appointed
 
 *335
 
 counsel in postconviction relief proceedings.
 
 See Graham, v. State,
 
 372 So.2d 1363, 1365 (Fla.1979);
 
 Hooks v. State,
 
 253 So.2d 424, 426 (Fla.1971). The authority to appoint counsel in such proceedings derives from “due process concerns.”
 
 Russo v. Akers,
 
 724 So.2d 1151, 1152 (Fla.1998) (citing
 
 State v. Weeks,
 
 166 So.2d 892, 896 (Fla.1964)). A trial court has discretion to appoint counsel in postconviction proceedings and, in exercising that discretion, should consider, among other things, the complexity of the matter and whether the movant raises meritorious claims.
 
 Id.
 
 (quoting
 
 Graham,
 
 372 So.2d at 1365-66).
 

 The procedures set out in
 
 Nelson
 
 and
 
 Faretta
 
 are intended to safeguard the criminal defendant’s Sixth Amendment right to representation by competent counsel in the criminal prosecution. A defendant has no such rights in postconviction proceedings.
 
 Kokal v. State,
 
 901 So.2d 766, 777 (Fla.2005) (“ ‘[Defendants have no constitutional right to representation in postconviction relief proceedings.’ ”) (quoting
 
 State ex rel. Butterworth v. Kenny,
 
 714 So.2d at 407). “All that is required in postconviction relief proceedings, whether capital or non-capital, is that the defendant have meaningful access to the judicial process.”
 
 Butterworth,
 
 714 So.2d at 408.
 

 A postconviction movant has no constitutional right to self-representation at an evidentiary hearing. The postconviction court has discretion as to whether to discharge appointed postconviction counsel, appoint new counsel, or to allow self-representation.
 
 See, e.g., Isom v. State,
 
 953 So.2d 604, 605 (Fla. 1st DCA 2007) (affirming denial of motion to discharge court-appointed postconviction counsel because “it is clear from the record that no valid reason for discharge existed”);
 
 Freeman v. State,
 
 65 So.3d 553, 557 (Fla. 2d DCA 2011) (finding that postconviction court abused its discretion in denying mov-ant’s request for self-representation at an evidentiary hearing where the postconviction court failed to conduct any meaningful inquiry in order “to balance [the defendant’s] desire to represent himself against the State’s interest in the fair and efficient administration of justice”).
 

 While a postconviction court should conduct some inquiry into the mov-ant’s basis for seeking to discharge counsel appointed in postconviction proceedings, the court is not required to comply with the strictures of
 
 Nelson
 
 or
 
 Faretta.
 
 For example, in a direct appeal from a criminal conviction, a trial court’s failure to conduct a sufficient
 
 Faretta
 
 inquiry following a defendant’s unequivocal request to discharge counsel is
 
 per se
 
 reversible error.
 
 Tennis,
 
 997 So.2d at 379. Once self-representation is granted, the trial court is required to renew the offer of counsel at all critical stages of the proceedings.
 
 Monte v. State,
 
 51 So.3d 1196, 1199 (Fla. 4th DCA 2011). The same is not true in postconviction proceedings. Likewise, the focus of a
 
 Nelson
 
 inquiry — to determine whether the criminal defendant is receiving effective assistance of trial counsel — is not applicable in postconviction proceedings. A post-conviction court is not required to conduct a formal hearing any time a movant seeks to discharge counsel and/or represent himself or herself. Situations may arise where review of written materials suffices in deciding the issue(s).
 

 Some inquiry into the voluntary and intelligent nature of a movant’s decision to seek self-representation in posteon-vietion proceedings is typically appropriate, and a movant should be provided a sufficient opportunity to make a record of his or her reasons for seeking discharge of counsel and/or self-representation. Nonetheless, formal
 
 Faretta
 
 and
 
 Nelson
 
 hearings are not required.
 

 
 *336
 
 In this case, the trial court allowed appellant an extensive opportunity to express his dissatisfaction with and grounds for discharging appointed counsel. Appellant complained that his postconviction attorney had filed a “renewed” motion for testing even though the attorney never filed a previous
 
 written
 
 motion. He alleges that counsel was thus dishonest with the court. The record demonstrates that postconviction counsel complied with appellant’s requests (although counsel questioned whether the motion could be filed in good faith) and in fact filed a written motion to have the child’s underwear tested for traces of the ointment which appellant alleged he saw applied. The trial court considered and denied that motion on the merits. Appellant also complained generally that he did not trust the attorney and that the attorney had not gone to the home where the abuse occurred to take photographs.
 

 The allegation that evidence of ointment would be found in retesting the victim’s underwear, should such evidence exist, would neither substantially undermine the evidence against appellant nor establish a reasonable probability that the outcome of the trial would differ. The photographs that appellant wanted taken dealt with collateral issues regarding the position of a street lamp outside the house where the abuse occurred and could not have reasonably affected the outcome of the jury’s verdict. The child shared a room with appellant, identity was not an issue, and any impeachment regarding visibility in the room would not have substantially affected the victim’s credibility.
 

 The trial court did not abuse its discretion in refusing to discharge appointed counsel and refusing to appoint another postconviction attorney for appellant. Appellant failed to show any valid basis for discharging his appointed counsel, and appellant’s rambling and incoherent filings, and his unorthodox demands of postconviction counsel, demonstrate that he is substantially unable to abide by procedural rules and substantive law.
 
 [4]
 

 A postconviction attorney’s refusal to comply with a movant’s demands is not grounds for automatic discharge and appointment of new counsel. Appointed postconviction counsel is not required to subordinate his professional judgment to the whims or misguided desires of the postconviction movant. The trial court in this case heard appellant’s complaints and found they did not warrant discharging counsel. We fully agree and will not disturb that decision.
 

 In an apparent attempt to stall the proceedings, appellant declared his belief that the hearing could “not proceed without him” because he was not “being disruptive” and moved to disqualify the judge
 
 *337
 
 following the adverse ruling on his motion to discharge counsel.
 
 [5]
 

 The postconviction court questioned appellant extensively when he stated that he was being “forced” to represent himself. The court cautioned him about the dangers of self-representation. Appellant explained that he had a sixth-grade education (although he had completed high school through the eleventh grade) and could not do it but was being “forced” to represent himself. The court refused to allow appellant to represent himself and denied his motion for continuance.
 

 When postconviction counsel attempted to call appellant as a witness at the hearing, appellant declared: “What are you calling me for?” Postconviction counsel opted to call trial counsel first and began taking testimony. Appellant then summoned counsel to his side and punched him in the face when counsel leaned over to hear what appellant had to say.
 

 The court did not abuse its discretion in refusing to allow appellant to represent himself at the evidentiary hearing. We have reviewed appellant’s extensive filings, including his brief in this appeal, which are practically incomprehensible. When questioned by the court, appellant stated that he was being “forced” to represent himself because he lacked the intellect or education to conduct his own representation. Appellant wanted another attorney appointed and did not unequivocally demand to represent himself. He maintained that he was being “forced” to do so and that he “did not have a choice.” The court explained that appellant did indeed “have a choice” as he could proceed with appointed counsel. Appellant wanted an attorney that would comply with all his demands, such as demanding that the child victim be subpoenaed so he could question her again at the hearing. Given appellant’s courtroom behavior and his incoherent arguments, we imagine that chaos would have ensued had appellant been permitted to represent himself at this hearing. The court acted appropriately in requiring him to proceed with the assistance of counsel.
 

 Appellant may have believed that, by punching his appointed attorney, he could undermine the court’s ruling, delay the proceedings, and obtain another hearing. Although appellant complains that he was not permitted to offer testimony at the hearing, postconviction counsel attempted to present appellant’s testimony and it was appellant’s own criminal conduct in striking his attorney that resulted in his removal from the proceeding. Even in a criminal jury trial, where the defendant has a Sixth Amendment constitutional right to be present, a trial court has discretion to protect the sanctity of the courtroom and remove a disruptive defendant.
 
 See Illinois v. Allen,
 
 397 U.S. at 347, 90 S.Ct. 1057 (approving of a trial court’s removal of a criminal defendant from his jury trial where the defendant was verbally disruptive). The postconvietion court here acted well within its discretion in removing appellant from the courtroom after he struck an officer of the court. Contrary to appellant’s argument, the court was not required to allow him to return to the courtroom or to provide him with an
 
 *338
 
 opportunity to “promise” to behave appropriately.
 

 Affirmed.
 

 STEVENSON, HAZOURI and CIKLIN, JJ., concur.
 

 [1]
 

 . In the order denying appellant’s motion, the trial court referred appellant to the Department of Corrections for disciplinary proceed-tags based upon his "disrespect for the court, misuse of the legal system, and outright criminal conduct.”
 

 [2]
 

 . We have reviewed a copy of the courtroom security video which was attached to the post-conviction court’s order of denial.
 

 [3]
 

 . In death penalty postconviction proceedings in Florida, where the movant has a statutory right to appointed collateral counsel, the Florida Supreme Court has required a
 
 Faretta
 
 type inquiry before the movant may dismiss the postconviction proceedings and discharge collateral counsel. Fla. R.Crim. P. 3.851(i).
 
 See Trease v. State,
 
 41 So.3d 119 (Fla.2010),
 
 cert. denied,
 
 - U.S. -, 131 S.Ct. 1479, 179 L.Ed.2d 316 (2011);
 
 Durocher v. Singletary,
 
 623 So.2d 482, 485 (Fla. 1993). This rule applies "only when a prisoner seeks both to dismiss pending postconviction proceedings and to discharge collateral counsel.” Fla. R.Crim. P. 3.85i(i)(l). The Court, however, has entertained the merits of a claim that the trial court failed to conduct an adequate
 
 Far-etta
 
 inquiry before permitting the death penalty postconviction movant to represent himself.
 
 McDonald
 
 v.
 
 State,
 
 952 So.2d 484 (Fla.2006). The Court has not instituted any rule requiring a detailed Faretta-style inquiry in non-capital postconviction proceedings.
 

 [4]
 

 . Counsel at the hearing was the second attorney appointed to represent appellant in these postconviction proceedings. It appears that appellant has filed bar complaints and motions to discharge every attorney he has ever been appointed in this case.
 

 The object of proceedings, pursuant to
 
 Strickland v. Washington,
 
 is not to "grade counsel's performance." 466 U.S. at 697, 104 S.Ct. 2052. To meet the deficiency prong, counsel must have committed
 
 serious
 
 errors of constitutional magnitude. Appellant faults counsel for not taking actions which, in light of the totality of the evidence, were inconsequential. Appellant's over-litigation of these matters in the postconviction proceedings demonstrates that he lacks the ability (or willingness) to follow the applicable rules and substantive law.
 
 See Faretta,
 
 422 U.S. at 834 n. 46, 95 S.Ct. 2525;
 
 Thomas v. State,
 
 867 So.2d 1235, 1238 (Fla. 5th DCA 2004) ("In order to be entitled to self-representation, a defendant must show that he or she has the ability and willingness to abide by the rules of procedure and courtroom protocol.").
 

 [5]
 

 . The
 
 pro se
 
 motion, filed while appellant was represented by counsel, was a nullity.
 
 Logan v. State,
 
 846 So.2d 472, 476 (Fla.2003). In any event, the apparent grounds were legally insufficient.
 
 Downs v. Moore,
 
 801 So.2d 906, 915 (Fla.2001) (recognizing that an adverse ruling does not provide a legally-sufficient basis for judicial disqualification).