PER CURIAM.
 

 Tavares McDuffie challenges the lower court’s summary denial of his 3.850 motion for post-conviction relief in which he contended that his trial counsel provided ineffective assistance by failing to file a motion to discharge him when the state improperly filed an amended information after expiration of the time for speedy trial.
 
 See Pezzo v. State,
 
 903 So.2d 960 (Fla. 1st DCA 2005);
 
 State v. D.A.,
 
 939 So.2d 149 (Fla. 5th DCA 2006);
 
 State v. Clifton,
 
 905 So.2d 172 (Fla. 5th DCA 2005). We reverse and remand, finding that the appellant stated a legally sufficient basis for relief in his motion.
 
 See, e.g., Gee v. State,
 
 13 So.3d 68 (Fla. 1st DCA 2009);
 
 Ryland v. State,
 
 880 So.2d 816 (Fla. 1st DCA 2004).
 

 
 *849
 
 We do not reach the appellant’s claim that the lower court erred by appointing counsel against his wishes, and thus do not decide whether there is a right to self-representation in post-conviction proceedings.
 
 See, e.g., Jones v. State,
 
 69 So.3d 329 (Fla. 4th DCA 2011);
 
 Freeman v. State,
 
 65 So.3d 553 (Fla. 2d DCA 2011).
 
 See also Bittick v. Missouri,
 
 105 S.W.3d 498, 501 n. 1 (Mo.Ct.App.2003) (and cases cited therein);
 
 Commonwealth v. Brady,
 
 741 A.2d 758 (Pa.Super.Ct.1999).
 

 REVERSED and REMANDED for the lower court to attach portions of the record that conclusively refute the appellant’s claim, or to hold an evidentiary hearing.
 

 PADOVANO, LEWIS, and CLARK, JJ., concur.