NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

OSCAR TORO,                          )
                                     )
            Appellant,               )
                                     )
v.                                   )          Case No. 2D16-4349
                                     )
STATE OF FLORIDA,                    )
                                     )
            Appellee.                )
_____)

Opinion filed February 16, 2018.

Appeal from the Circuit Court for
Hillsborough County; Chet A. Tharpe,
Judge.

Oscar Toro, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrew Tetreault,
Assistant Attorney General, Tampa,
for Appellee.


LUCAS, Judge.

Oscar Toro appeals from an order denying his motion for postconviction relief after an evidentiary hearing in which he appeared pro se following the discharge of his court-appointed counsel.  The State has conceded error.  Mr. Toro was previously deemed entitled to appointment of counsel for his postconviction motion.  See Williams

v. State, 472 So. 2d 738, 740 (Fla. 1985); Graham v. State, 372 So. 2d 1363, 1365-66 (Fla. 1979).  We held in Freeman v. State, 65 So. 3d 553 (Fla. 2d DCA 2011), that after such a finding has been made, a defendant who wishes to discharge court-appointed postconviction counsel and proceed pro se must have the benefit of a hearing conducted "within the rubric of Faretta[ v. California, 422 U.S. 806 (1975)]."  Freeman, 65 So. 3d at 557 (quoting Rose v. Crosby, No: 8:93-CV-1169-T-23EAJ, 2006 WL 4701821 at *1 (M.D. Fla. Apr. 26, 2006)).  Because the postconviction court's statement to Mr. Toro that he could either proceed with his court-appointed counsel or represent himself does not satisfy what was contemplated in Freeman, we must accept the State's concession.

Our decision in Freeman did not articulate any particular inquiries that would satisfy a hearing conducted "within the rubric of Faretta," id.;[1] however, we agree with Mr. Toro that what transpired between Mr. Toro and the postconviction court below was insufficient.[2]  As we explained in Freeman, a postconviction court has discretion to

---

[1]We borrowed this term from a federal magistrate judge's report and recommendation.  See Rose, 2006 WL 4701821 at *1.  We note that the Rose order approving the report did not purport to impose a requirement for a hearing "within the rubric of Faretta" when a defendant expresses dissatisfaction with appointed postconviction counsel.  Id.  That language was simply a prefatory reference explaining the kind of hearing the magistrate judge conducted that preceded the reported findings. Id.  Thus, our decision in Freeman should not be read to require a full Faretta hearing in circumstances such as those before us.

[2]THE COURT:  You need to tell me whether you want
to go forward with the hearing today with Ms.
Lakeman or fire her and represent yourself and we
will have a hearing at some point in the future with
you representing yourself.  Which of those two things
do you want to do?

Following this, Mr. Toro stated that he would proceed pro se.

permit a defendant in a noncapital postconviction proceeding to proceed pro se. Id. But it is incumbent upon the postconviction court, when undertaking such a discretionary act, to have an informed basis for its discretionary ruling. Id. ("[T]he exercise of that discretion must be informed by the facts and circumstances of the individual case . . . ."). The most meaningful way for a postconviction court to arrive at an informed basis to issue a ruling when a defendant requests to discharge appointed postconviction counsel (and facilitate an appellate court's review of that decision) is for the postconviction court to engage in some type of discourse with the defendant. Id.; see also Jones v. State, 69 So. 3d 329, 335 (Fla. 4th DCA 2011) (recognizing that proper exercise of postconviction court's discretion to permit defendant to proceed pro se requires "[s]ome inquiry into the voluntary and intelligent nature of a movant's decision to seek self-representation" but holding that a "formal Faretta" hearing is not required). The postconviction court's brief dialogue with Mr. Toro did not—indeed, could not—reveal an informed basis from which the court could have concluded that Mr. Toro's decision to proceed pro se was "voluntary and intelligent." See Jones, 69 So. 3d at 335; see also Freeman, 65 So. 3d at 557 ("An uninformed exercise of discretion is, by definition, arbitrary, fanciful, or unreasonable." (citing Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980))). Accordingly, we are compelled to reverse the postconviction court's order and remand for further proceedings. See id.

Reversed and remanded.


NORTHCUTT and MORRIS, JJ., Concur.